FILED

2003 OCT 15 P 12: 23

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN K. DWIGHT, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION NO. 303 CV 0117 |
| | ) | (WWE) |
| v. | ) | |
| | ) | |
| JP MORGAN CHASE BANK, TRUSTEE OF THE RUSSELL S. DWIGHT, JR., TRUST, et al., | ) ) ) | |
| | ) | |
| Defendants. | ) | October 13, 2003 |

**DEFENDANT PATRICIA W. DWIGHT'S
MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**<u>PRELIMINARY STATEMENT</u>**

Defendant, Patricia Dwight, is the income beneficiary of an inter vivos trust created by her late husband in 1982. Under the trust agreement, she is entitled to receive "the net income . . . , during her lifetime" unless she remarries or "in the sole judgment of the trustee" the trust income exceeds "that which is necessary for her comfortable support at the standard of living theretofore maintained." Her husband's four children,

by his previous marriage, plaintiffs herein, are the contingent beneficiaries and the remaindermen.

Mrs. Dwight could have drawn on this income from the date of her husband's death. However, she voluntarily relinquished this income every year in favor of her stepchildren. Proving the adage that no good turn goes unpunished, her stepchildren have now sued her and the trustee. Why? Because in her twilight years, with the return on her investments greatly diminished and with expenses increasing, Mrs. Dwight had the temerity to ask for the income from this trust.

When the defendant trustee, J.P. Morgan Chase Bank, in its "sole discretion," granted this request, plaintiffs launched a two-pronged attack. First, making a federal case out of it, they sued 87-year-old Mrs. Dwight and the trustee in federal court. Second, as insurance against losing the lawsuit, they sought to remove the trustee and insert a new trustee that would be more compliant with their desires. It is no coincidence that the substitute trustee chosen by plaintiffs is located in close

proximity to plaintiff John Dwight, a multi-millionaire who is funding this litigation. Mr. Dwight, who attended at least one deposition by flying himself and his attorney to Connecticut on his personal jet, is clearly unconcerned about the burden imposed by this strategy on all of the parties herein. The amount in controversy, $44,964 per year, is being eaten up in attorneys' fees, largely due to plaintiffs' paper warfare: multiple sets of interrogatories and document requests, numerous depositions, and an expert who presumes to instruct this Court on how to read a trust agreement.

Now, in a further escalation of their paper war, plaintiffs have moved for partial summary judgment. This motion puts the cart before the horse. Specifically, it seeks a ruling that plaintiffs are empowered to remove the trustee and appoint their own. In support, plaintiffs argue that they are presently "entitled" to the income from the trust and therefore have removal powers. However, it is precisely this mixed question of law and fact that remains to be resolved in this lawsuit; namely: Who is entitled to receive the income from the trust?

At present, the trustee has determined that Mrs. Dwight is entitled to the income. Consequently, plaintiffs are not empowered to remove the trustee.

## ARGUMENT

The trust agreement empowers a majority of the adult beneficiaries "then entitled to receive income distributions hereunder" to remove the trustee. The plaintiffs claim that although the trustee has determined that they are **not** entitled to receive income, they nonetheless have the power to remove the trustee and appoint a new one more to their liking.

I.  The Trust Agreement Only Allows a Majority of Beneficiaries "Then Entitled to Receive Trust Income" to Remove the Trustee.

Plaintiffs would have the court totally disregard the phrase "then entitled to receive income." If plaintiffs' interpretation were correct, the trust would simply provide that a majority of the beneficiaries could remove the trustee. But it does not. Clearly the words "then entitled . . ." have some meaning; clearly they are there for a reason. Albert Mendel and Son, Inc. v. Krough, 4 Conn. App. 117 (1985) (Since parties

-4-

generally do not insert meaningless provisions in their agreements, every provision must be given effect if reasonably possible); <u>Harris Data Communications, Inc. v. Heffernan</u>, 183 Conn. 194 (1981)(No word in a statute should be treated as surplusage, void or insignificant).

The reason for this provision is obvious: the grantor intended his second wife to have the income, and he did not want her stepchildren appointing a trustee of their choosing at a time when she was the one "then entitled" to receive the income.

II. Plaintiffs' Attempt to Circumvent the Trustee's Discretionary Decision to Distribute Income to the Grantor's Widow by Appointing a Trustee More to Their <u>Liking Is Invalid Because It Is an Abuse of Discretion.</u>

Even if these beneficiaries have the power to remove the trustee (which they do not), a court will prevent such removal if to do so would be an abuse of discretion. Scott, The Law of Trusts (4th Ed. 1988) § 107.2, 123-124 (Even where the power to remove a trustee is conferred without limitations, a court will prevent its exercise to prevent an abuse of discretion).

For the nineteen years Mrs. Dwight voluntarily relinquished the trust's income, the plaintiffs had no problem with the trustee. Now they suddenly do. And they seek to appoint a trustee that is in close physical proximity to the lead plaintiff. The inference is clear. The plaintiffs are attempting to make an end run around the trustee's discretionary decision to distribute income to Mrs. Dwight. Indeed, they are trying to make an end run around this Court by mooting this lawsuit. The exercise of the power of removal so as to achieve their own selfish goals and overrule the trustee's discretionary decision would clearly be an abuse of discretion and thus should be disallowed. Id.

## CONCLUSION

For all of the foregoing reasons, plaintiffs' motion for partial summary judgment should be denied.

>	THIS DEFENDANT,
>	PATRICIA W. DWIGHT
>	BY CUMMINGS & LOCKWOOD
>	HER ATTORNEYS
>
>	By *Robert Dolian*
>	Robert P. Dolian (CT 04278)
>	Four Stamford Plaza
>	107 Elm Street
>	Stamford, CT  06902
>	(203) 327-1700

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANT PATRICIA W. DWIGHT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT was served via first-class U.S. Mail, postage prepaid, on this 13th day of October, 2003, on the following:

>   Mark J. Kovack, Esq.
>   Wake, See, Dimes & Bryniczka
>   27 Imperial Avenue
>   P.O. Box 777
>   Westport, CT  06881-0777
>
>   Peter W. Benner, Esq.
>   Shipman & Goodwin LLP
>   One American Row
>   Hartford, CT  06103-2819
>
>   Robert B. Hemley, Esq.
>   Gravel and Shea
>   76 St. Paul Street
>   Burlington, VT  05402-0369

_____
Robert P. Dolian

.StmLib1:1033320.1 10/13/03