FILED

2004 OCT 15 P 12: 23

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. DWIGHT, et al., | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION NO. 303 CV 0117 |
| | ) (WWE) |
| v. | ) |
| | ) |
| JP MORGAN CHASE BANK, TRUSTEE | ) |
| OF THE RUSSELL S. DWIGHT, JR., | ) |
| TRUST, et al., | ) |
| | ) |
| Defendants. | ) October 13, 2003 |

**DEFENDANT PATRICIA W. DWIGHT'S RULE 56(a)(2) STATEMENT**

Defendant Patricia Dwight, through her attorneys, submits the following Rule 56(a)(2) Statement:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. Plaintiffs are contingent beneficiaries under the trust. Exhibit A to plaintiffs' Statement of Undisputed Facts.

5. Admitted.

6. Mrs. Dwight did not remember the value of her assets at the time of her marriage. See Exhibit I to Plaintiffs' Statement of Undisputed Facts.

7. Denied. See Exhibit L to Plaintiffs' Statement of Undisputed Facts.

8. The trust agreement speaks for itself.

9. Patricia Dwight took no income from the trust for the period stated. It is unknown what format that declination took from year to year.

10. Mrs. Dwight's letter speaks for itself.

11. Mr. Dwight's letter speaks for itself.

12. The trustee's letter speaks for itself.

13. Patricia Dwight's tax return speaks for itself.

14. Admitted.

15. Admitted.

16. Denied. Deposition testimony of Patricia Dwight. Moreover, none of these false allegations is at all relevant to plaintiffs' motion. Plaintiffs obviously are trying to prejudice the Court by presenting a number of false allegations

and half-truths that go to the merits of the underlying case. Since the underlying case is not presently before the Court (there obviously being many disputed facts), it is improper for plaintiffs to be arguing this evidence at this time. The same holds true for paragraphs 6, 7, 10, 11, 12, 13, 14, 15, 17, 18 and 19.

  17. Denied. Defendant notes that there is no factual support provided for this paragraph in Plaintiffs' Statement of Undisputed Facts.

  18. Admitted.

  19. Admitted, but Patricia Dwight fails to see the relevancy of what Plaintiffs have "alleged" in this case.

  20. The trust agreement speaks for itself.

  21. The correspondence in question speaks for itself.

  22. The correspondence in question speaks for itself. It is undisputed that Chase has refused to step down as trustee.

## ISSUES OF MATERIAL FACT TO BE TRIED

1. Whether plaintiffs have abused their discretion in seeking the removal of the trustee.

2. Whether plaintiffs were presently entitled to receive income under the Trust Agreement.

3. Whether plaintiffs were acting in good faith when they sought the removal of the trustee.

```
                                THIS DEFENDANT,
                                PATRICIA W. DWIGHT
                                BY CUMMINGS & LOCKWOOD
                                HER ATTORNEYS


                                By /s/ Robert Dolian
                                   Robert P. Dolian (CT 04278)
                                   Four Stamford Plaza
                                   107 Elm Street
                                   Stamford, CT  06902
                                   (203) 327-1700
```

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANT PATRICIA W. DWIGHT'S RULE 56(a)(2) STATEMENT was served via first-class U.S. Mail, postage prepaid, on this 13th day of October, 2003, on the following:

>Mark J. Kovack, Esq.
>Wake, See, Dimes & Bryniczka
>27 Imperial Avenue
>P.O. Box 777
>Westport, CT  06881-0777
>
>Peter W. Benner, Esq.
>Shipman & Goodwin LLP
>One American Row
>Hartford, CT  06103-2819
>
>Robert B. Hemley, Esq.
>Gravel and Shea
>76 St. Paul Street
>Burlington, VT  05402-0369

_____
Robert P. Dolian

.StmLib1:1033720.1 10/09/03