FILED

2003 OCT 16 P 2: 29

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. DWIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 303CV 0117 (WWE) |
| ) | |
| JP MORGAN CHASE BANK, ) | |
| TRUSTEE, et al., ) | |
| ) | |
| Defendants. ) | OCTOBER 15, 2003 |
| ) | |

**JP MORGAN CHASE BANK, TRUSTEE'S MEMORANDUM OF LAW IN
OPPOSITION TO THE PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

I.      **Preliminary Statement**

This defendant, **JP MORGAN CHASE BANK, TRUSTEE** ("Chase"), submits this memorandum of law in opposition to the September 24, 2003 motion for partial summary judgment filed by the plaintiffs, **JOHN K. DWIGHT, MARGO D. FORBES, PATRICIA D. HALLENBECK,** and **ELIZABETH D. RICHARDSON** (the "Plaintiffs"). It is respectfully submitted that the Plaintiffs' motion should be denied because genuine issues of material fact and/or mixed questions of law and fact exist as to whether (1) this Court possesses subject matter jurisdiction to remove Chase as Trustee of the subject trust; (2) the Plaintiffs are empowered to remove Chase as Trustee under the plain language of the trust agreement at issue; (3) the Plaintiffs are abusing any discretion that they may otherwise have

1

to seek the removal of chase as Trustee of the Trust; and, (4) the Plaintiffs are seeking to remove Chase as Trustee in order to punish Chase for exercising its discretion under the trust agreement in determining that the Trust income does not exceed that which is necessary for defendant Patricia Dwight's comfortable support at the standard of living theretofore maintained by her and her late husband. Based on these and other underlying material issues of fact, the Plaintiffs' motion should be denied.

## II. Statement of Facts

### A. Background

By Trust Agreement dated January 27, 1982 (the "Trust Agreement"), Russell S. Dwight, Jr. ("Grantor") established a trust which became irrevocable upon the Grantor's death (the "Trust"). The Grantor died on February 4, 1993. Chase is the successor trustee of the Trust. Defendant **PATRICIA W. DWIGHT** ("Mrs. Dwight") is the Grantor's widow and the primary beneficiary under the Trust. Plaintiffs are the Grantor's four adult children from a prior marriage and are contingent beneficiaries under the Trust.

The Trust Agreement provides, in part, that:

> Upon Grantor's death, the Trustee shall pay the net income of the Trust Estate to or apply for the benefit of Grantor's wife, PATRICIA W. DWIGHT, during her lifetime or until her remarriage; provided, however, if and to the extent that the total amount of income available to Grantor's wife from all sources, including this trust shall, from time to time, in the sole judgment of the Trustee, exceed that which is deemed necessary for the comfortable support at the standard of living theretofore maintained by Grantor and his wife, then the Trustee shall distribute such excess income to or for the benefit of Grantor's then living descendants, per stirpes.

Starting with the year of the Grantor's death and continuing through each and every year thereafter until late summer, 2002, Mrs. Dwight declined the income from the Trust so

that it could be paid to the Plaintiffs. By letter dated August 29, 2002, however, Mrs. Dwight, who was then 86 years old, wrote to Chase, requesting that the bank begin to distribute the income from the Trust to her.

> During the past year [wrote Mrs. Dwight], because of a fall and an intestinal problem, I have been hospitalized twice and have had an extended stay in a nursing home. In addition, I contracted Lyme disease. These medical problems have resulted in substantial medical expenses.
>
> For health reasons, I have decided to hire a live-in companion. I anticipate the cost of such companion to be roughly $200 daily. In addition, because of my lack of vision, I can no longer drive and have to hire a driver to take me on errands and to appointments.[1]

Thereafter, Chase, by and through the then account manager for this matter, Sheela Amembal, spoke with Mrs. Dwight about her needs and standard of living; Chase contacted and obtained from Mrs. Dwight's lawyers a copy of Mrs. Dwight's 2001 Form 1040 federal income tax return and Mrs. Dwight's budget, showing Mrs. Dwight's (i) 2001 actual expenses, (ii) 2002 actual expenses through September and projected expenses fro October through December, and (iii) 2003 projected expenses. Affidavit of Pamela J. Detoro, at ¶ 6. Chase also contacted Attorney Edgar T. See, the drafter of the Trust Agreement, and was informed that Chase need only consider Mrs. Dwight's income under the Trust Agreement. Id. In addition, Attorney See provided Chase with copies of (i) a letter form the Grantor's and Mrs. Dwight's accountants, dated April 29, 1983, discussing their 1982 tax return, (ii) the Grantor's and Mrs. Dwight's 1982 Form 1040 federal tax return, (iii) the Grantor's and

---

[1] The foregoing fats are undisputed, other than Plaintiffs deny that Mrs. Dwight is the primary Trust beneficiary and that they are contingent beneficiaries. See, the Plaintiffs' statement of undisputed facts and Chase's Local Rule 56 (2) Statement in reply thereto.

Mrs. Dwight's 1982 Connecticut Capital Gains & Dividends Tax Return, (iv) the Grantor's and Mrs. Dwight's 1983 Form 1040 federal tax return, and (v) ) the Grantor's and Mrs. Dwight's 1983 Connecticut Capital Gains & Dividends Tax Return. Id. Chase again contacted Mrs. Dwight to inquire whether there were any other trusts of which she is a beneficiary from which she was deferring income. Id. Mrs. Dwight advised Chase there was only one other trust from which she receives income, a trust setup by her late father, and that she was not deferring any of the income thereunder. Id.

Ms. Amembal reviewed and analyzed all of the data and information that she had received and collected, and then presented Mrs. Dwight's request for income to Chase's "discretionary action committee" ( the "D.A.C."). Id., at ¶ 7. The D.A.C. convened and consider Mrs. Dwight's request in late November and again in early December, 2002, and voted to pay the net income of the Trust to Mrs. Dwight. Id.

By letter dated December 6, 2002, Chase advised the Plaintiffs of its decision. Commencing January 1, 2003, the net income of the Trust has been paid to Mrs. Dwight. Id., at ¶ 8. By Complaint dated January 16, 2003, the Plaintiffs sued Chase for breach of fiduciary duty, a declaratory judgment construing Chase's discretionary duties under the Trust Agreement, negligence, and conversion. Pursuant to their Amended Complaint filed on or about July 3, 2003, the Plaintiffs also seek the removal of Chase as the Trustee of the Trust.

However, it can reasonably be estimated that the Trust will produce total gross income for the year 2003 of $44,964.00. Id., at ¶ 2. Further, since January, 2003, the first month ever of any income distribution to Mrs. Dwight through October, 2003, a total of $15,848.12 in income has been paid to Mrs. Dwight, as follows:

4

| | |
|---|---|
| January, 2003- | $235.11 |
| February, 2003- | $2,988.21 |
| March, 2003- | $1,499.92 |
| April, 2003- | $2,317.99 |
| May, 2003- | $2,062.44 |
| June, 2003- | $3,562.64 |
| July, 2003- | $0.00 |
| August, 2003- | $1,764.11 |
| September, 2003- | $44.65 |
| October, 2003- | $1,373.05 |

Id., at ¶ 3.

Accordingly, a genuine issue of material fact exists as to whether the amount in controversy exceeds $75,000.00. Similarly, issues of law and fact exist as to whether Chase abused its discretion, as claimed by the Plaintiffs, in determining that the Trust income did not exceed that which is necessary for Mrs. Dwight's comfortable support at the standard of living theretofore maintained by her and the Grantor, and whether the Plaintiffs' attempt to remove Chase as Trustee, because of that discretionary determination, is an invalid abuse of discretion.

### III. Law and Argument

#### A. Jurisdictional questions exist.

This Court lacks or may lack subject matter jurisdiction to grant the relief which the Plaintiffs seek as the amount in controversy does not appear with legal certainty to exceed the sum of $75,000.00. The Plaintiffs' lawsuit is premised on diversity jurisdiction.

5

Complaint, at ¶ 7. Subject matter jurisdiction based on diversity of citizenship permits a federal district court to hear state causes of action only if there is complete diversity of citizenship between the opposing parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Although the parties concede that there is diversity of citizenship, there is a genuine issue of material fact as to whether the Plaintiffs' satisfy the jurisdictional minimum amount in controversy requirement, *particularly* if the Plaintiffs' motion is granted and Chase is removed as Trustee.

Although the time at which the amount in controversy is measured is at the date that the suit is filed, if Chase is removed as Trustee, there will be no prospect of the Plaintiffs recovering the jurisdictional amount. When the Plaintiffs filed suit, Mrs. Dwight was 86 years of age, and the Trust was and continues to produce *gross* annual income of less than $45,000.00. At that rate of return, Chase would have to abuse its discretion under the Trust Agreement and wrongfully pay Mrs. Dwight all of the Trust income for a period of two years, a less than legally certain prospect at the time of the filling of Plaintiffs' suit given Mrs. Dwight's advanced age and ill health and the likelihood of trial well within two years of the filing[2]. Even with the Plaintiffs' claim for attorney fees, which in itself is an extremely unlikely prospect in an abuse of discretion case, it is difficult to imagine the Plaintiffs having any realistic prospect of satisfying the jurisdictional minimum given the limited amount of the underlying dollars at issue.[3]

---

[2] In fact, this case was initially ordered to be trial ready by October 1, 2003, and is currently to be trial ready by December 1, 2003.

[3] Our federal courts, moreover, routinely refrain from exercising diversity jurisdiction over cases in which matters of probate are at issue.

6

If the Plaintiffs now cause Chase to be removed as Trustee, a time at which a mere $15,848.12 has been paid to Mrs. Dwight, it is virtually certain that the Plaintiffs cannot possibly recover the jurisdictional amount from Chase. For this reason, the Court should deny the Plaintiffs summary judgment.

**B.  Under the plain language of the Trust Agreement, only those beneficiaries "then entitled to receive Trust income" may vote to remove the Trustee.**

Chase hereby adopts the perspicuous arguments contained in Mrs. Dwight's brief, at Part I, namely, for the Plaintiffs to prevail this Court would have to ignore the Trust Agreement's express and clear provision that only those income beneficiaries "then entitled to receive income" are empowered to vote for the Trustee's removal. This Court cannot properly find that the Plaintiffs' are presently entitled to income under the Trust Agreement without first engaging in extensive fact finding and ruling that Chase abused its discretion in determining that the Plaintiffs are not presently entitled to income under the Trust. Such an analysis wrongfully places the cart before the horse.

Plaintiffs' argument that the defendants' construction of the removal provision of the Trust Agreement would permit collusion between Mrs. Dwight and Chase and insulate Chase from removal by simply abiding by Mrs. Dwight's wishes also misses its mark. If there ever was such collusion or wrong doing by Chase, as Trustee, the Plaintiffs would have other powers apart from those granted in the Trust Agreement, including statutory rights and remedies, to seek Chase's removal. Again, however, for the Plaintiffs to prevail with those rights and remedies, they first have to establish that Chase abused its discretion, which involves genuine issues of material fact.

### C. The Plaintiffs actions demonstrate an intent to abuse any discretion they may otherwise have to seek removal of the Trustee.

Chase once again adopts the compelling arguments of Mrs. Dwight's counsel, that is, the facts and circumstances surrounding Plaintiffs' attempt to remove Chase as Trustee strongly evidences an intent to merely circumvent the Trustee's discretionary decision to distribute income to Mrs. Dwight and, therefore, is an invalid abuse of discretion. Furthermore, the power of the courts to remove a fiduciary must be exercised cautiously for the limited purpose of protecting the estate rather than to punish the fiduciary. <u>Carroll v. Arnold</u>, 107 Conn. 535, 541-42, 141 A. 657 (1928). The Plaintiffs' actions, however, appear motivated solely by a desire to punish Chase because of its discretionary decision to pay the Trust income to Mrs. Dwight. Again, Plaintiffs attempt to place the cart in front of the horse by arguing for the removal of Chase as Trustee based upon Chase's decision that the Trust income does not exceed that which is necessary for Mrs. Dwight's comfortable support.

### III. Conclusion

For all of the foregoing reasons, Chase respectfully requests that the Court deny Plaintiffs' motion for summary judgment.

THIS DEFENDANT,
JP MORGAN CHASE BANK, TRUSTEE

By /s/ Mark J. Kovack
Mark J. Kovack, Esq./ct01431
WAKE, SEE DIMES & BRYNICZKA
27 Imperial Avenue
Post Office Box 777
Westport, CT 06881-0777
Telephone: (203) 227-9545
Telecopier: (203) 226-1641
Its attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 15th day of October, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Peter W. Benner, Esq.
Catherine M. Esposito, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819
(*Counsel for the Plaintiff*)

Robert B. Hemley, Esq.
Christina Reiss, Esq.
Gravel and Shea
76 St. Paul Street, P.O. Box 369
Burlington, VT 05402-0369
(*of Counsel for the Plaintiff*)

Robert P. Dolian, Esq.
Cummings & Lockwood, LLC
107 Elm Street, P.O. Box 120
Stamford, CT 06904-0120
(*Counsel for Defendant Patricia W. Dwight*)

_____
Mark J. Kovack