UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 16 P 2:29

| | |
|---|---|
| JOHN K. DWIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 303 CV 0117 |
| ) | (WWE) |
| ) | |
| JP MORGAN CHASE BANK, ) | |
| TRUSTEE, et al., ) | |
| ) | |
| Defendants. ) | OCTOBER 15, 2003 |

## LOCAL RULE 56(a)(2) STATEMENT BY DEFENDANT JP MORGAN CHASE BANK, TRUSTEE

Pursuant to D. Conn. L. Civ. Rule 56(a)(2), this defendants, **JP MORGAN CHASE BANK, TRUSTEE** ("Chase"), submits this statement in response to the statement of undisputed facts filed by the plaintiffs, **JOHN K. DWIGHT, MARGO D. FORBES, PATRICIA D. HALLENBECK**, and **ELIZABETH RICHARDSON** (the "Plaintiffs") dated September 24, 2003[1], to wit:

I. **RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

   1. Admitted.

   2. Admitted.

---

[1] Chase treats this statement as the Plaintiffs' "Local Rule 56(a)(1)Statement" although the Plaintiffs failed to designate it as such as required by D. Conn. L. Civ. Rule 56(a)(1). Chase, however, denies that the Plaintiff's "statement" is limited to material facts, as the statement contains numerous assertions which are wholly irrelevant to the issue of Chase's removal as Trustee. Indeed, the vast majority of the Plaintiffs' factual assertions appear to have been made not for purposes of the subject motion, but solely for the purpose of influencing this Court's judgment on the primary remaining issue of whether Chase abused its discretion in determining that Mrs. Dwight was entitled to the net income of the Trust under the plain language of Trust Agreement.

3. Admitted.

4. Denied. Plaintiffs are contingent beneficiaries under the Trust Agreement. Exhibit "A" to the Plaintiffs' statement.

5. Admitted.

6. Denied. Although Mrs. Dwight apparently initially testified that her assets were "a million," she immediately thereafter testified that "I don't remember."

7. See Exhibit "L" to the Plaintiffs' statement of undisputed facts, which speaks for itself.

8. Admitted, except Chase denies the Plaintiffs' characterization as to what is or is not "relevant."

9. Admitted, in part; it is unknown precisely what each letter sent by Mrs. Dwight stated; it is also unknown whether Chase prepared each such letter; further, it is unknown what the Plaintiffs mean by their characterization of all such letters as "form letters."

10. Admitted, but Chase respectfully refers the Court to the subject letter for a complete recitation of its terms.

11. Admitted, in part; Chase respectfully refers the Court to the subject letter for a complete recitation of its terms and denies that the subject Trust Agreement and/or that Chase's obligations thereunder were in any way modified or amended by said letter.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Denied. Deposition testimony of Mrs. Dwight and her daughter, Lucy Roberts.

17. Denied. There is no factual support provided for these assertions.

18. Chase respectfully refers the Court to the Plaintiffs' Amended Complaint, which speaks for itself.

19. Admitted.

20. Admitted.

21. Admitted.

22. Chase admits that it has not resigned as Trustee, but denies that it was required to step down.

## II. ISSUES OF MATERIAL FACT TO BE TRIED

1. Whether the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Affidavit of Pamela J. Detoro.

2. Whether Dwight had multiple hospitalizations within the last couple of years, thereby increasing her expenses. Affidavit of Mark J. Kovack ("Aff."), at Ex. 1 (Deposition of Lucy Roberts, pp. 7, 39) and Ex. 2 (Deposition of Mrs. Dwight, pp. 28, 53-55).

3. Whether Mrs. Dwight medical conditions have dramatically worsened over the last couple of years, increasing Mrs. Dwight's needs for daily assistance. Aff., at Ex. 1, pp. 13-15, 20-21, 33, 36-39, and Ex. 2, at pp. 42, 53-55.

4. Whether Mrs. Dwight needs a live-in companion on a 24 hour basis. Aff., at Ex. 1, p. 40.

5. Whether Mrs. Dwight experienced a decline in income after the death of

her husband, Russell H. Dwight, as Russell H. Dwight had funded Mrs. Dwight's and his living expenses while he was alive. Aff., at Ex. 2, p. 16).

6. Whether Mrs. Dwight's expenses exceed her income. Aff., at Ex. 2, p. 29

7. Whether Mrs. Dwight can afford a live-in companion on a 24 hour basis from her income. Aff., at Ex. 2, p. 44.

8. Whether Mrs. Dwight experienced a decline in income within the last couple of years. Aff., at Ex. 2, pp. 29-30.

### III. QUESTIONS OF MIXED LAW AND FACT

1. Whether this Court possesses subject matter jurisdiction to remove Chase, as Trustee.

2. Whether or not the Plaintiffs seek to exercise any power of removal that they may have in good faith and/or for bona fide purposes.

3. Whether the Plaintiffs are acting in bad faith and/or are abusing any discretion that they may otherwise have to seek the removal of Chase, as Trustee.

4. Whether the Plaintiffs are seeking to remove Chase as Trustee in order to punish Chase for exercising its discretion under the Trust Agreement in determining that the Trust income does not exceed that which is necessary for Mrs. Dwight's comfortable support at the standard of living theretofore maintained by her and her late husband.

                       **THIS DEFENDANT,**
                       **JP MORGAN CHASE BANK, TRUSTEE**

By _/s/ Mark J. Kovack_
    Mark J. Kovack, Esq./ct01431
    WAKE, SEE DIMES & BRYNICZKA
    27 Imperial Avenue
    Post Office Box 777
    Westport, CT 06881-0777
    Telephone:(203) 227-9545
    Telecopier:(203) 226-1641
        Its attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 15th day of October, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Peter W. Benner, Esq.
Catherine M. Esposito, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819
(*Counsel for the Plaintiff*)

Robert B. Hemley, Esq.
Christina Reiss, Esq.
Gravel and Shea
76 St. Paul Street, P.O. Box 369
Burlington, VT 05402-0369
(*of Counsel for the Plaintiff*)

Robert P. Dolian, Esq.
Cummings & Lockwood, LLC
107 Elm Street, P.O. Box 120
Stamford, CT 06904-0120
(*Counsel for Defendant Patricia W. Dwight*)

Mark J. Kovack