UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. DWIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 303CV 0117 (WWE) |
| ) | |
| JP MORGAN CHASE BANK, ) | |
| TRUSTEE, et al., ) | |
| ) | |
| Defendants. ) | OCTOBER 15, 2003 |
| ) | |

STATE OF CONNECTICUT )
                     )
                     )  ss:   New Cannan
                     )
COUNTY OF FAIRFIELD  )

### AFFIDAVIT OF PAMELA J. DETORO

PAMELA J. DETORO, being duly sworn, does depose and state:

1. I am a Vice President and Trust Officer of defendant JP MORGAN CHASE BANK, TRUSTEE ("Chase") in the above-captioned matter. I am the individual Chase employee presently in charge of the trust account at issue in this litigation (the "Trust"). I am over 18 years of age and believe in the obligations of an oath. I submit this affidavit, unless indicated otherwise, based on my own personal knowledge, in connection with Chase's opposition papers to the plaintiffs' motion for a partial summary judgment dated September 24, 2003.

2. It can reasonably be estimated that the Trust will produce total gross income for the

-1-

year 2003 of $44,964.00. However, not all of this income has been or will be paid to the income beneficiary under the Trust, defendant PATRICIA W. DWIGHT ("Mrs. Dwight"), as, in addition to normal trustee fees collected by Chase, half of the attorney fees incurred by Chase as a result of this litigation have been paid from Trust income (with the balance paid from Trust principal).

3. Since January, 2003, the first month ever of any income distribution to Mrs. Dwight through October, 2003, a total of $15,848.12 in income has been paid to Mrs. Dwight, as follows:

| Month | Amount |
|---|---|
| January, 2003- | $235.11 |
| February, 2003- | $2,988.21 |
| March, 2003- | $1,499.92 |
| April, 2003- | $2,317.99 |
| May, 2003- | $2,062.44 |
| June, 2003- | $3,562.64 |
| July, 2003- | $0.00 |
| August, 2003- | $1,764.11 |
| September, 2003- | $1,764.11 |
| October, 2003- | $1,373.05 |

4. The Trust Agreement itself, at Article IV, permits the Trustee, "from time to time" in its "sole judgment" to make a determination as to whether the Trustee believes the Trust income exceeds "that which is necessary for [Mrs. Dwight's] comfortable support at the standard of living theretofore maintained' by her and her late husband, the grantor of the Trust ("Grantor"). Chase has already exercised that discretion in November and December, 2002, when Chase, through its so-called "discretionary action committee," met in response to a written request for income from Mrs.

Dwight and agreed that the Trust income did not exceed "that which is necessary for [Mrs. Dwight's] comfortable support at the standard of living thereto fore maintained" by her.

5. Starting with the year of the Grantor's death and continuing through each and every year thereafter until late summer, 2002, Mrs. Dwight declined the income from the Trust so that it could be paid to the Plaintiffs. However, by letter dated August 29, 2002, Mrs. Dwight, who was then 86 years old, wrote to Chase, requesting that the bank begin to distribute the income from the Trust to her.

> During the past year [wrote Mrs. Dwight], because of a fall
> and an intestinal problem, I have been hospitalized twice
> and have had an extended stay in a nursing home. In addition,
> I contracted Lyme disease. These medical problems have
> resulted in substantial medical expenses.
>
> For health reasons, I have decided to hire a live-in companion.
> I anticipate the cost of such companion to be roughly
> $200 daily. In addition, because of my lack of vision, I can
> no longer drive and have to hire a driver to take me on errands
> and to appointments.

Ex. "C" to the plaintiffs' motion papers.

6. In response, Chase, by and through the then account manager and trust officer for this matter, Sheela Amembal, spoke with Mrs. Dwight about her needs and standard of living; Chase contacted and obtained from Mrs. Dwight's lawyers a copy of Mrs. Dwight's 2001 Form 1040 federal income tax return and Mrs. Dwight's budget, showing Mrs. Dwight's (i) 2001 actual expenses, (ii) 2002 actual expenses through September and projected expenses fro October through December, and (iii) 2003 projected expenses. Chase also contacted Attorney Edgar T. See, the drafter of the Trust Agreement, and was informed that Chase need only consider Mrs. Dwight's income under the Trust Agreement. In addition, Attorney See provided Chase with copies of (i) a

letter form the Grantor's and Mrs. Dwight's accountants, dated April 29, 1983, discussing their 1982 tax return, (ii) the Grantor's and Mrs. Dwight's 1982 Form 1040 federal tax return, (iii) the Grantor's and Mrs. Dwight's 1982 Connecticut Capital Gains & Dividends Tax Return, (iv) the Grantor's and Mrs. Dwight's 1983 Form 1040 federal tax return, and (v) ) the Grantor's and Mrs. Dwight's 1983 Connecticut Capital Gains & Dividends Tax Return. Chase again contacted Mrs. Dwight to inquire whether there were any other trusts of which she is a beneficiary from which she was deferring income. Mrs. Dwight advised Chase there was only one other trust from which she receives income, a trust setup by her late father, and that she was not deferring any of the income thereunder. See, the deposition of Sheela Amembal, at pp. 16, 20-25, 29-31, 42, 44, 46-48, 50, 56, 59-61, 66, 76-78, and 116, a copy of which is attached to the Affidavit of Mark J. Kovack as Exhibit "3."

7. Ms. Amembal reviewed and analyzed all of the data and information that she had received and collected, and then presented Mrs. Dwight's request for income to Chase's discretionary action committee ("D.A.C."). The D.A.C. convened and consider Mrs. Dwight's request in late November and again in early December, 2002, and voted to pay the net income of the Trust to Mrs. Dwight. Id.

8. By letter dated December 6, 2002, Chase advised the Plaintiffs of its decision. Commencing January 1, 2003, the net income of the Trust has been paid to Mrs. Dwight.

9. Immediately thereafter, by Complaint dated January 16, 2003, the Plaintiffs sued Chase for breach of fiduciary duty, a declaratory judgment construing Chase's discretionary duties under the Trust Agreement, negligence, and conversion. Pursuant to their Amended Complaint filed on or about July 3, 2003, the plaintiffs also seek the removal of Chase as the Trustee of the Trust.

It is on this latter issue that the plaintiffs presently move for summary judgment.

10. In their motion papers, the plaintiffs accuse Chase of "fail[ing] to reconsider its earlier decision." Plaintiffs' statement of undisputed facts, at ¶ 17.

11. Even when assuming that there could be any such "failure" in view of the fact that the Trust Agreement expressly vests the Trustee with the power to determine "from time to time" in its "sole judgment" whether the Trust income exceeds "that which is necessary for [Mrs. Dwight's comfortable support," the plaintiffs are wrong on the facts.

12. I have reviewed the extensive discovery generated in this matter, including Mrs. Dwight's deposition, tax returns, and account statements. I personally met with Mrs. Dwight at her home on September 19, 2003 to discuss her situation. I have questioned Mrs. Dwight about her income and expenses. The plaintiffs are correct, however, in as much as Chase, to date, has not, in its judgment, decided that excess income exists from the Trust to distribute to the plaintiffs.

_____
Pamela J. Detoro

Sworn and subscribed to before me this 14th day of October, 2003.

_____
Notary Public/~~Commissioner~~
~~of the Superior Court~~

JAMES A. PUZZO
NOTARY PUBLIC
MY COMMISSION EXPIRES 1-31-05

## CERTIFICATION OF SERVICE

This is to certify that on this 15th day of October, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Peter W. Benner, Esq.
Catherine M. Esposito, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819
(*Counsel for the Plaintiff*)

Robert B. Hemley, Esq.
Christina Reiss, Esq.
Gravel and Shea
76 St. Paul Street, P.O. Box 369
Burlington, VT 05402-0369
(*of Counsel for the Plaintiff*)

Robert P. Dolian, Esq.
Cummings & Lockwood, LLC
107 Elm Street, P.O. Box 120
Stamford, CT 06904-0120
(*Counsel for Defendant Patricia W. Dwight*)

/s/ Mark J. Kovack
Mark J. Kovack