UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 NOV 14  P 12: 35

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| JOHN K. DWIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 303 CV-0177- 117 |
| ) | (WWE) |
| ) | |
| JP MORGAN CHASE BANK, ) | |
| TRUSTEE, et al., ) | |
| ) | |
| Defendants. ) | NOVEMBER 13, 2003 |
| ) | |

**LOCAL RULE 56(a)(1) STATEMENT BY DEFENDANT
JP MORGAN CHASE BANK, TRUSTEE**

Pursuant to D. Conn. L. Civ. Rule 56(a)(1), this defendants, **JP MORGAN CHASE BANK, TRUSTEE** ("Chase"), in connection with its motion for summary judgment of even date herewith, hereby submits this statement of material facts as to which Chase contends there is no genuine issue to be tried, to wit:

1.  By Trust Agreement dated January 27, 1982 (the "Trust Agreement"), Russell S. Dwight, Jr. ("Grantor") established a trust which became irrevocable upon the Grantor's death (the "Trust"). Form 26(F) Report Of Parties' Planning Meeting, Statement of Undisputed Facts.

2.  The Grantor died on February 4, 1993.

3.  Chase is the successor trustee of the Trust. Id.

4.  Defendant **PATRICIA W. DWIGHT** ("Mrs. Dwight") is the Grantor's widow and a beneficiary under the Trust. Id.

5.  Plaintiffs are the Grantor's four adult children from a prior marriage and

-1-

are also beneficiaries under the Trust. Id.

    6.    The Trust Agreement provides, in part, that:

> Upon Grantor's death, the Trustee shall pay the net income of the Trust Estate to or apply for the benefit of Grantor's wife, PATRICIA W. DWIGHT, during her lifetime or until her remarriage; provided, however, if and to the extent that the total amount of income available to Grantor's wife from all sources, including this trust shall, from time to time, in the sole judgment of the Trustee, exceed that which is deemed necessary for the comfortable support at the standard of living theretofore maintained by Grantor and his wife, then the Trustee shall distribute such excess income to or for the benefit of Grantor's then living descendants, per stirpes.

Ex. "A" to Plaintiffs' September 24, 2003 statement of undisputed facts ("Plaintiffs' Statement").

    7.    Starting with the year of the Grantor's death and continuing through each and every year thereafter until late summer, 2002, Mrs. Dwight declined the income from the Trust so that it could be paid to the Plaintiffs. Aff. of Pamela J. Detoro, dated October 15, 2003 ("Detoro Aff."), at ¶ 5.

    8.    By letter dated August 29, 2002, however, Mrs. Dwight, who was then 86 years old, wrote to Chase, requesting that the bank begin to distribute the income from the Trust to her. Id.

    9.    During the past year [wrote Mrs. Dwight], because of a fall
and an intestinal problem, I have been hospitalized twice
and have had an extended stay in a nursing home. In addition,
I contracted Lyme disease. These medical problems have
resulted in substantial medical expenses.

> For health reasons, I have decided to hire a live-in companion.
> I anticipate the cost of such companion to be roughly
> $200 daily. In addition, because of my lack of vision, I can
> no longer drive and have to hire a driver to take me on errands
> and to appointments.

Ex. "C" to Plaintiffs' Statement.

10    In response, Chase, by and through the then account manager for this matter, Sheela Amembal, spoke with Mrs. Dwight about her needs and standard of living; Chase contacted and obtained from Mrs. Dwight's lawyers a copy of Mrs. Dwight's 2001 Form 1040 federal income tax return and Mrs. Dwight's budget, showing Mrs. Dwight's (i) 2001 actual expenses, (ii) 2002 actual expenses through September and projected expenses for October through December, and (iii) 2003 projected expenses. Chase also contacted Attorney Edgar T. See, the drafter of the Trust Agreement, and was informed that Chase need only consider Mrs. Dwight's income under the Trust Agreement. In addition, Attorney See provided Chase with copies of (i) a letter form the Grantor's and Mrs. Dwight's accountants, dated April 29, 1983, discussing their 1982 tax return, (ii) the Grantor's and Mrs. Dwight's 1982 Form 1040 federal tax return, (iii) the Grantor's and Mrs. Dwight's 1982 Connecticut Capital Gains & Dividends Tax Return, (iv) the Grantor's and Mrs. Dwight's 1983 Form 1040 federal tax return, and (v) the Grantor's and Mrs. Dwight's 1983 Connecticut Capital Gains & Dividends Tax Return. Chase again contacted Mrs. Dwight to inquire whether there were any other trusts of which she is a beneficiary from which she was deferring income. Mrs. Dwight advised Chase there was only one other trust from which she receives income, a trust setup by her late father, and that she was not deferring any of the income thereunder. Detoro Aff., at ¶ 6; Ex. "3" to Aff. of Mark J. Kovack, dated October 15, 2003 ("Kovack Aff").

11.    Ms. Amembal reviewed and analyzed all of the data and information that she had received and collected, and then presented Mrs. Dwight's request for income to Chase's "discretionary action committee" ( the "D.A.C."). The D.A.C. convened and

consider Mrs. Dwight's request in late November and again in early December, 2002, and, upon consideration of the foregoing information, voted to pay the net income of the Trust to Mrs. Dwight. Id.

12. By letter dated December 6, 2002, Chase advised the Plaintiffs of its decision. Commencing January 1, 2003, the net income of the Trust has been paid to Mrs. Dwight. Detoro Aff., at ¶ 8.

13. Immediately thereafter, by Complaint dated January 16, 2003, the Plaintiffs sued Chase for breach of fiduciary duty, a declaratory judgment construing Chase's discretionary duties under the Trust Agreement, negligence, and conversion. Id., at ¶ 9.

**THIS DEFENDANT,
JP MORGAN CHASE BANK, TRUSTEE**

By _/s/ Mark J. Kovack_
Mark J. Kovack, Esq./ct01431
WAKE, SEE DIMES & BRYNICZKA
27 Imperial Avenue
Post Office Box 777
Westport, CT 06881-0777
Telephone:(203) 227-9545
Telecopier:(203) 226-1641
   Its attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 13th day of November, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Peter W. Benner, Esq.
Catherine M. Esposito, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819
(*Counsel for the Plaintiff*)

Robert B. Hemley, Esq.
Christina Reiss, Esq.
Gravel and Shea
76 St. Paul Street, P.O. Box 369
Burlington, VT 05402-0369
(*of Counsel for the Plaintiff*)

Robert P. Dolian, Esq.
Cummings & Lockwood, LLC
107 Elm Street, P.O. Box 120
Stamford, CT 06904-0120
(*Counsel for Defendant Patricia W. Dwight*)

Mark J. Kovack