UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 NOV 14  P 12: 35
US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| JOHN K. DWIGHT, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CIVIL ACTION NO. 303CV 0117 (WWE) |
| JP MORGAN CHASE BANK, TRUSTEE, et al., | ) ) ) ) |
| Defendants. | ) NOVEMBER 13, 2003 ) |

STATE OF CONNECTICUT )
                     )
                     )  ss:    Westport
                     )
COUNTY OF FAIRFIELD  )

### AFFIDAVIT OF MARK J. KOVACK

Mark J. Kovack, being duly sworn, does depose and state:

1.  I am a member of the law firm of Wake, See, Dimes & Bryniczka, counsel for this defendant, JP MORGAN CHASE BANK, TRUSTEE ("Chase"), in the above-captioned matter. I am over 18 years of age and believe in the obligations of an oath. I submit this affidavit, based on my own personal knowledge, to identify certain documents submitted as exhibits in support of the Local Rule 56(a)(1) Statement By Defendant JP Morgan Chase Bank, Trustee, of even date herewith.

2.  Attached hereto as Exhibit No. 1 is an excerpt from the deposition of Edgar T. See, the drafter of the Trust Agreement at issue, conducted in this action on July 1, 2003.

-1-

3. Attached as Exhibit No. 2 is a copy of a letter, dated September 30, 2002, sent to Chase by plaintiffs' counsel, setting forth the Plaintiffs' interpretation of the Trust Agreement.

*[signature]*
Mark J. Kovack

Sworn and subscribed to before me this 13th day of November, 2003.

*[signature]*
Notary Public/~~Commissioner of the Superior Court~~

LISA A. VALOVICH
**NOTARY PUBLIC**
My Commission Expires: April 30, 2004

**EXHIBIT 1**

```
 1                 UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
 2

 3    JOHN K. DWIGHT, MARGO D. FORBES,       CIVIL ACTION NO.
      PATRICIA D. HALLENBECK AND             303CV0117 (WWE)
 4    ELIZABETH D. RICHARDSON

 5    VS.

 6    JP MORGAN CHASE BANK, Trustee          JULY 1, 2003
      of the Russell S. Dwight, Jr.
 7    Trust, and PATRICIA W. DWIGHT

 8                                           COPY

 9

10          Deposition of EDGAR T. SEE, ESQ., taken in

11    accordance with the Federal Rules of Civil Procedure

12    at the law offices of Wake, See, Dimes & Bryniczka,

13    27 Imperial Avenue, Westport, Connecticut, before

14    Peggy McKie, Notary Public in and for the State of

15    Connecticut, on Tuesday, July 1, 2003, commencing at

16    10:58 a.m.

17

18

19

20              Peggy McKie, License No. 00175
                Registered Professional Reporter
21

22          DEL VECCHIO REPORTING SERVICES, LLC
              PROFESSIONAL SHORTHAND REPORTERS
23

24    117 RANDI DRIVE              100 PEARL STREET, 14th FLOOR
      MADISON, CT  06443           HARTFORD, CT  06103-4506
25    (203) 245-9583               (800) 839-6867
```

1            MR. HEMLEY:  All right.  I won't
2     belabor it.
3  BY MR. HEMLEY:
4       Q.    You may answer, Mr. See.
5            MR. KOVACK:  Do you recall the
6     question?
7       A.    Repeat the question, please.
8  BY MR. HEMLEY:
9       Q.    Yeah, I just want your understanding, as of
10  1982, I guess, of what a primary beneficiary is.
11      A.    Yes.
12      Q.    Go ahead.
13      A.    The wife.
14      Q.    No, I'm not asking you in terms of the
15  trust, I'm asking you to tell me what your
16  understanding is of that term, "primary beneficiary."
17      A.    The primary beneficiary is the one that the
18  grantor wishes to protect as number one.
19      Q.    Did you have any conversations with John
20  Dwight after his father, Russell Dwight, passed away?
21      A.    I don't recall that.
22      Q.    Do you recall having any conversations with
23  John Dwight, without limitation as to time, as to his
24  father's intentions with respect to this trust that you
25  drafted?

DEL VECCHIO REPORTING SERVICES, LLC

**EXHIBIT 2**

Case 3:03-cv-00117-JCH    Document 31    Filed 11/14/2003    Page 6 of 9



**GRAVEL AND SHEA**

Attorneys at Law

76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369

Telephone 802.658.0220
Facsimile 802.658.1456
www.gravelshea.com

Writer's E-Mail:
rhemley@gravelshea.com

Stewart H. McConaughy
Robert B. Hemley
William G. Post, Jr.
Craig Weatherly
John R. Ponsetto
Peter S. Erly
Robert F. O'Neill
Margaret L. Montgomery
Stephen P. Magowan
Heather Briggs
Robert H. Rushford

Clarke A. Gravel
Charles T. Shea
Stephen R. Crampton
*Of Counsel*

Norman Williams
Christina Reiss
*Special Counsel*

Johan W.E. Maitland
Michelle N. Farkas
Rebecca C. Raskin
Andrew D. Manitsky
Cornelius C. Cowles
Heather A. Rider
Megan J. Shafritz

September 30, 2002

Ms. Sheila Amembal
Account Administrator
J.P. Morgan Chase Bank
999 Broad Street
Bridgeport, CT 06604

    Re:    Russell S. Dwight, Jr. Trust
            T/U/A # 666021715

Dear Ms. Amembal:

      I am in receipt of a copy of Mr. Musicaro's letter to you dated September 25, 2002. Mr. Musicaro and we have a fundamental disagreement about the way the Trust provides for the distribution of income. Article IV provides that Patricia Dwight is to receive income only to the extent that the Trustee, in the exercise of its sound and reasonable discretion, determines that the income available to her "from all sources" is insufficient to provide her "comfortable support at the standard of living theretofore maintained by...(Mr. Dwight and Patricia Dwight in 1982). If those conditions are not met, the income is to be distributed, as it has been, to Mr. Dwight's living descendants, per stirpes. As I wrote on September 18, before Chase commences payments to Mrs. Dwight, it must analyze her expenses and income, and measure them against the standard of living she enjoyed in 1982.

      John Dwight advises me that you have informed him Mr. Musicaro has agreed to provide you with Mrs. Dwight's recent tax returns to assist Chase in performing its analysis. The tax returns are only part of the picture. The issue is "the total amount of income available to (Mrs. Dwight) from all sources", not just what might appear on her tax returns, and whether Trust income is "necessary for her comfortable support at the standard of living theretofore maintained (in 1982)" by her. An analysis of her past and current expenses is essential to any meaningful analysis.

      We expect that Chase, as Trustee, will meet its fiduciary duties to the Dwight heirs, and will conduct a complete and thorough analysis. As previously written, the Dwight heirs insist

GRAVEL AND SHEA

Ms. Sheila Amembal                                          September 30, 2002
                                                            Page 2

that they continue to receive the Trust income unless and until it has been demonstrated that the conditions necessary for a change have been met.

    Please contact me so that we can discuss how best to proceed with the necessary analysis.

                Very truly yours,

                GRAVEL AND SHEA

                Robert B. Hemley

RBH:jt

cc:    Mr. John K. Dwight (via e-mail)
       John R. Musicaro, Jr., Esq.

## CERTIFICATION OF SERVICE

This is to certify that on this 13th day of November, 2003, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Peter W. Benner, Esq.
Catherine M. Esposito, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819
(*Counsel for the Plaintiff*)

Robert B. Hemley, Esq.
Christina Reiss, Esq.
Gravel and Shea
76 St. Paul Street, P.O. Box 369
Burlington, VT 05402-0369
(*of Counsel for the Plaintiff*)

Robert P. Dolian, Esq.
Cummings & Lockwood, LLC
107 Elm Street, P.O. Box 120
Stamford, CT 06904-0120
(*Counsel for Defendant Patricia W. Dwight*)

_____
Mark J. Kovack