FILED

2003 DEC 30 P 12: 02

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. DWIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 303CV 0117 (WWE) |
| ) | |
| JP MORGAN CHASE BANK, ) | |
| TRUSTEE, et al., ) | |
| ) | |
| Defendants. ) | DECEMBER 29, 2003 |
| ) | |

**MEMORANDUM OF LAW IN SUPPORT OF JP MORGAN CHASE BANK, TRUSTEE'S OBJECTION TO CROSS-MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE SAME**

I. **Preliminary Statement**

This defendant, **JP MORGAN CHASE BANK, TRUSTEE** ("Chase"), submits this memorandum of law in support of its objection to and motion to strike the December 15, 2003 cross-motion for summary judgment filed by the plaintiffs, **JOHN K. DWIGHT, MARGO D. FORBES, PATRICIA D. HALLENBECK,** and **ELIZABETH D. RICHARDSON** (the "Plaintiffs"). It is respectfully submitted that the Plaintiffs' motion should not be considered and stricken from the pleadings because it is untimely and in violation of this Court's Scheduling Order of September 2, 3003, whereby dispositive motions were to be filed by no later than December 3, 2003. It would be unduly prejudicial to Chase to have to respond to the Plaintiffs' cross-motion at this late juncture in the

1

proceedings, particularly given that the Plaintiffs previously filed a timely motion for partial summary judgment and only seek to move for summary judgment as to the remainder of their claims thirty-two (32) days after Chase filed its own timely motion for partial summary judgment. Based on this Court's own Scheduling Order and the procedural history of the case, the Plaintiffs' motion should be disallowed and stricken from the pleadings.

## II. Procedural History

By Order dated September 9, 2003 (Eginton, J.), this Court ruled that any and all dispositive motions in this case were to be filed on or before December 3, 2003. A copy of the Court's Order is attached hereto as Exhibit "1." By motion papers dated September 24, 2003, the Plaintiffs moved for a partial summary judgment with respect to Count II of their Amended Complaint. Chase's co-defendant, **PATRICIA W. DWIGHT**, filed opposition papers dated October 13, 2003 to the Plaintiffs' motion. Chase filed opposition papers dated October 15, 2003.

On November 14, 2003, Chase filed its own motion for partial summary judgment, requesting summary judgment on Counts I, III and IV of the Amended Complaint. Thirty-two (32) days thereafter, on December 16, 2003, the Plaintiffs filed their opposition to Chase's motion, which opposition papers included a "cross-motion" for summary judgment on all counts of their Amended Complaint, as well as a 15-page statement consisting of forty-five (45) paragraphs of "additional" "facts" and twenty-three (23) lengthy exhibits in support thereof.[1] The Plaintiffs' proffered no explanation for why they did not move for summary judgment on all counts of their complaint when they initially moved for summary judgment,

---

[1] *See*, "plaintiffs' statement of undisputed facts for plaintiffs' cross-motion for summary judgment," dated December 15, 2003, at ¶¶ 14-55, inclusive.

2

nor do they offer an explanation as to why they waited until after (1) the expiration of this Court's deadline for filing dispositive motions and (2) the filing date of Chase's own motion papers.

It is respectfully submitted that this Court should not permit the Plaintiffs' untimely filings. Otherwise, the Plaintiffs will reap the benefit of their own violation of this Court's order by being given a second opportunity to file for summary judgment after having had the advantage of reading Chase's timely motion papers. In addition, Chase will be forced to incur the time and expense of *again* filing opposition papers. Chase requests, therefore, that the Court not sanction the Plaintiffs' sought-after windfall by striking that portion of the Plaintiffs' opposition papers consisting of their "cross-motion for summary judgment."

### III. Law and Argument

Rule 16(f) of the Federal Rules, in conjunction with Rule 37(b)(2)(C), specifically provides that if a party fails to obey a scheduling order the district court may, upon motion, make such orders as are just, including an "order striking out pleadings or parts thereof.[2]"

> The Bar must realize, and we declare it as emphatically as we can, that these dates fixed by law, rule, or court order mean something. They are not empty formalities. To neglect and ignore a date for action in a court proceeding is in reality a thinly-veiled species of disrespect or contempt for the Court.

Salisbury v. Town of Watertown, 82 F.R.D. 403, 404 (D. Conn. 1979) (Judge Daly favorably quoting from Canup v. Mississippi Valley Barge Line Co., Inc., 31 F.R.P. 282, 284 (W.D. Pa. 1962) in defaulting the defendant for failing to comply with discovery orders).

---

[2] Rule 12(f) also permits the court to order the violating party to pay the other party's expenses incurred because of the noncompliance with pretrial or scheduling deadlines.

The Plaintiffs should not be allowed to supplement their opposition to Chase's motion for summary judgment, which is itself late under the Rules of Federal Procedure,[3] with a (second) motion for summary judgment that is untimely under this Court's Scheduling Order. If the Plaintiffs are permitted

to proceed with their cross-motion, not only will their disregard of the Court-imposed deadline for the filing of dispositive motions be awarded with a second opportunity to argue for summary judgment (this time with the added benefit of having first reviewed their opponent's motion papers), but, also, Chase will be forced to incur the expense of filing an additional opposition brief addressing forty-five (45) paragraphs of additional assertions of fact and twenty-three new (23) exhibits. Also, the sanctity of the Federal Rules and this Court's own orders will have been twice disregarded, first by the late filing of the Plaintiffs' opposition memorandum (which is not challenged here) and second by the late filing of the cross-motion for summary judgment.

### III. Conclusion

For all of the foregoing reasons, Chase respectfully objects to the filing of the Plaintiffs' cross-motion fro summary judgment and requests that the Court strike same from the pleadings.

---

[3] Chase filed its motion for partial summary judgment on November 14, 2003. Rule 7(a)(1) of our local rules of civil procedure provides that "all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion." Rule 6(e) of the Federal Rules of Civil Procedure afforded the Plaintiffs an additional three (3) days to file their opposition because Chase served its summary judgment motion papers by mail. The Plaintiffs, however, waited until December 16, 2003, or thirty-two (32) days after the filing of Chase's motion, to file their opposition memorandum and cross-motion for summary judgment.

4

**THIS DEFENDANT,**
**JP MORGAN CHASE BANK, TRUSTEE**

By _/s/ Mark J. Kovack_
Mark J. Kovack, Esq./ct01431
WAKE, SEE DIMES & BRYNICZKA
27 Imperial Avenue
Post Office Box 777
Westport, CT 06881-0777
Telephone:  (203) 227-9545
Telecopier:  (203) 226-1641
Its attorneys

**EXHIBIT 1**

FILED

2003 AUG 29 P 12: 04

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. DWIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 303 CV 0117 (WWE) |
| ) | |
| JP MORGAN CHASE BANK, ) | |
| TRUSTEE, et al., ) | |
| ) | |
| Defendants. ) | AUGUST 27, 2003 |

### MOTION BY AGREEMENT TO EXTEND CERTAIN PRETRIAL SCHEDULING DEADLINES

This defendant, **JP MORGAN CHASE BANK, TRUSTEE** ("Chase"), by the agreement of all other counsel, hereby moves to extend certain of the pretrial scheduling deadlines by thirty (30) days as set forth below.

In support hereof, Chase represents the following:

1. By order of this Court (Eginton, J.) dated June 5, 2003, the discovery cutoff date is October 1, 2003 and dispositive motions are due by November 1, 2003;

2. Chase presently has until September 1, 2003 to disclose an expert witness, and the plaintiffs have until October 1, 2003 to depose same; and,

3. Chase, due in part to summer vacation schedules and difficulty in finding

Motion Granted.
Discovery cutoff date Nov. 3, 2003
Dispositive Motions due by Dec. 3, 2003
SO ORDERED
9/12/2003
Warren W. Eginton, Sr. U.S.D.J.