

RECEIVED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 12  A 11: 00

US DISTRICT COURT
BRIDGEPORT CT

| | |
|---|---|
| JOHN K. DWIGHT, MARGO D. FORBES, PATRICIA D. HALLENBECK and ELIZABETH D. RICHARDSON,<br><br>Plaintiffs<br><br>v.<br><br>JP MORGAN CHASE BANK, Trustee of the Russell S. Dwight, Jr. Trust, and PATRICIA W. DWIGHT,<br>Defendants | CASE NUMBER 303 CV 0177 (WWE)<br><br><br><br>January 8, 2004 |

### PLAINTIFFS' MOTION FOR LEAVE TO FILE CROSS-MOTION FOR SUMMARY JUDGMENT EIGHT DAYS LATE AND OPPOSITION TO DEFENDANT JP MORGAN CHASE BANK'S MOTION TO STRIKE

Plaintiffs, John K. Dwight, Margo D. Forbes, Patricia D. Hallenbeck and Elizabeth D. Richardson ("Plaintiffs") by and through their attorneys, Gravel and Shea, move for permission to file their Cross-Motion for Summary Judgment/Opposition ("Plaintiffs' Cross-Motion") to Defendant JP Morgan Chase Bank (the "Bank's) Motion for Summary Judgment eight days late, and hereby oppose the Bank's Motion to Strike.

This case presents questions of how to construe a testamentary trust. The parties agree that the matter should be resolved by summary judgment. Cross-motions are before the Court. Although there is no claim of prejudice occasioned by the filing of the Plaintiffs' Cross-motion on December 15, 2003, the Bank would have this Court refuse to consider it. Such a result
GRAVEL AND SHEA
ATTORNEYS AT LAW
P. O. BOX 369
BURLINGTON, VERMONT
05402-0369

would be inefficient, a departure from the courtesies earlier extended to the Bank, and deprive the Court of the flexibility needed to resolve this matter without a trial. Such insistence on formality is unwarranted, especially here where the delay is minor, no prejudice has occurred and the late filing was due to the inadvertent error of out-of-state counsel in assuming that the 30 day response period afforded under the local rules of the United States District Court in Vermont was also the case in the District of Connecticut.[1]

In the alternative to its motion to strike, the Bank seeks an additional 21 days to file a further opposition to the Plaintiffs' Cross-motion. Plaintiffs have no objection to the latter relief and have so advised the Bank. The following facts reveal that Plaintiffs intended no disrespect to the Court or prejudice to any of the parties and that "good cause" exists to grant Plaintiffs' motion for leave under Local Rule 7(b)(3).[2]

This case was commenced on January 16, 2003. Following a period of discovery, Plaintiffs filed a Motion for Partial Summary Judgment on September 24, 2003, seeking removal of the Bank as trustee of the Trust which is the subject of this action. The Bank opposed the

---

[1] Lead counsel for the Plaintiffs is from Burlington, Vermont. While we do not ask that the oversight be excused, we do beg the Court's indulgence in the interest of justice and judicial efficiency. Suggestions that counsel intended a "thinly veiled species of disrespect for the Court" (see the Bank's Memorandum in Support of its Motion to Strike, p. 3), are outrageous, untrue, and not worthy of further comment, except to say that we regard such *ad hominem* as disappointing and inconsistent with the quality of practice we know the Bank's counsel is capable of.

[2] In compliance with Local Rule 7(b)(3) by letter dated January 7, 2004 (Exhibit A), and follow up telephone call on January 8, 2004, Plaintiffs sought consent from counsel for the Bank and Mrs. Dwight that they agree to the extension, but has received no response.

motion on October 15, 2003, contending, among other things, that it was "premature" and that disputed issues of fact precluded the granting of summary judgment. Then, despite this position in response to Plaintiffs' motion, on November 13, 2003 the Bank filed its own motion for partial summary judgment defending its decision to discontinue distributions to the Plaintiffs and to instead distribute the Trust income to Mrs. Dwight.[3]

The Bank does not dispute that its November 13, 2003 Motion for Summary Judgment seeks relief that would effectively dispose of this case. It also does not dispute that its motion (which could have been filed in response to Plaintiffs' earlier Partial Motion for Summary Judgment) was filed less than two weeks before the December 1, 2003 expiration of the Court's deadline for filing motions for summary judgment. If this deadline were construed to require responsive cross-motions to also be filed before December 1, 2003, the Bank would have effectively curtailed Plaintiffs' opportunity to respond. Clearly this is not the reasonable intent of a discovery schedule which was extended at the Bank's request.

On December 16, 2003, Plaintiffs responded to the Bank's November 13, 2003 Motion for Summary Judgment by filing a Cross-motion, an appropriate response under the Federal Rules of Civil Procedure. Considered as a response to a motion, Connecticut Local Rule 7(a) requires that the response be filed on or before December 8 (21 days plus 3 for mailing). This rule is different from the 30 days afforded by the District of Vermont Local Rule 7.1(c)(2) for

---

[3] The Bank has since changed its position once more as to the proper recipients of the Trust income. It recently announced that it has now concluded that Defendant Dwight should not receive all of the income of the Trust and that roughly half the income is available to distribute to Plaintiffs. *See* Exhibit B.

response to a motion for summary judgment. (Exhibit C.)[4] Significantly, Plaintiffs' Cross-motion did not surprise Defendants by interjecting new evidence by way of affidavits or by introducing previously undisclosed documents. Rather, Plaintiffs relied entirely upon testimony that was adduced in the course of discovery and upon documents which Defendants themselves produced. As a result, the Bank's argument that Plaintiffs gained some sort of advantage by cross-moving for summary judgment after receiving the Bank's motion is without merit. Moreover, in light of the Bank's now abandoned position that questions of fact preclude summary judgment, Plaintiffs could not reasonably anticipate that the Bank would move for summary judgment on the eve of the deadline for doing so established in the discovery schedule. Any surprise that occurred was thus experienced by Plaintiffs. Because Plaintiffs agree this case may be resolved through cross-motions of summary judgment, any claim of surprise is of no import.

The procedural history of this case further supports Plaintiffs' requested relief. As the Bank is well aware, Plaintiffs have consistently accommodated the Bank's requests for flexibility in the discovery process, and the parties have worked together through that process and beyond without ever requiring judicial intervention. Having consented to the Bank's several requests for accommodations and extensions, Plaintiffs expect and deserve the same courtesy.

The Bank's Motion to Strike is a departure from these earlier extended courtesies. For example, Plaintiffs consented to the Bank's request to extend the discovery schedule 30 days to

---

[4] Plaintiffs' Cross-motion would have been timely filed in Vermont. While not an excuse, the confusion does support a finding of "good cause" pursuant to Local Rule 7(b)(2). The Connecticut Rules, unlike Vermont, do not provide a longer time for responding to a summary judgment motion.

allow it to find and disclose an expert witness "due in part to summer vacation schedules and difficulty in finding attorneys willing to consider serving as an expert witness," and further consented to the extension of the discovery schedule because "one of the principal witnesses for Defendant, Chase Morgan Bank was on an extended medical leave and accordingly was not available until recently."

Local Rule 7(b)(3) permits this Court to grant an extension of time for "good cause." To deny Plaintiffs leave to file their Cross-motion would unduly punish Plaintiffs for narrowly missing a deadline, in circumstances where the difference between the local rules in Vermont and Connecticut explains the confusion, and there has been no showing of any prejudice to the opposing parties or disruption of the Court's schedule. Such a result would preclude a full and fair evaluation of the parties' positions with regard to summary judgment and may result in a trial which all parties apparently agree need not take place. Fed. R. Civ. P. 1 governs "the procedure in the United States district courts in all suits of a civil nature" and requires that the rules "be construed and administered to secure the just, speedy and inexpensive determination of every action." Further delay and expense will result if this matter is resolved by trial as opposed to pursuant to cross-motions for summary judgment. Plaintiffs have thus demonstrated "good cause" for granting them leave to file their Cross-motion out of time.

## CONCLUSION

For the foregoing reasons. Plaintiffs respectfully request that their Motion for Leave be granted, that Defendant Bank's Motion to Strike be denied, and that the Court consider their

Cross-Motion for Summary Judgment. Plaintiffs do not oppose the Bank's request for reasonable time to make a further response.

Dated:      Burlington, Vermont
January 8, 2004

_____
Robert B. Hemley, Esq. ct/24489
Christina Reiss, Esq.
Gravel and Shea
P. O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
For Plaintiffs

### CERTIFICATE OF SERVICE

I, Robert B. Hemley, Esq., attorney for Plaintiffs, certify that on January 8, 2004, I served Plaintiffs' Motion for Leave to File Cross-Motion for Summary Judgment Eight Days Late and Opposition to Defendant JP Morgan Chase Bank's Motion to Strike, by causing the same to be mailed by United States mail, postage prepaid to the following:

Robert P. Dolian, Esq.
Cumming & Lockwood, LLC
Four Stamford Plaza
107 Elm Street
Stamford, CT 06902

Mark J. Kovack, Esq.
Wake, See, Dimes & Bryniczka
27 Imperial Avenue
P.O. Box 777
Westport, CT 06881-0777

Peter W. Benner, Esq.
Catherine M. Esposito, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819

_____
Robert B. Hemley, Esq. (ct#24489)

FILE CODE

| A - Z | CLIENT | SUB-FILE |
|---|---|---|
| | | |

January 7, 2004

Writer's E-Mail:
rhemley@gravelshea.com

**VIA FAX**

Mark J. Kovack, Esq.
Wake, See, Dimes & Bryniczka
27 Imperial Avenue
P. O. Box 777
Westport, CT 06881-0777

    Re:    John K. Dwight, Margo D. Forbest, Patricia D.
            Hallenbeck and Elizabeth D. Richardson v. JP Morgan
            Chase Bank, Trustee of the Russell Dwight, Jr. Trust,
            and Patricia W. Dwight
            Docket No. 303 CV 0177 (WWE)
            <u>Russell S. Dwight Trust Under Agreement # 666021715</u>

Dear Mark:

      As my letter of January 5, 2004 suggests, we are planning to file a motion for leave to extend any applicable deadlines so as to render our cross motion for summary judgment timely filed on December 15, 2003. As I read Local Rule 7(b)(3), it is necessary for me to first inquire if you will agree to the requested extension. Since you have already filed a motion to strike the cross motion, the request may be futile, but I would hope you will nevertheless extend me the courtesy I would have immediately extended to you under the same circumstances. In the event you agree, we of course would not oppose your request that you have time to file a response.

      Please let me know by tomorrow whether you will consent. By copy of this letter I am also inquiring of if Bob will agree.

**OFFICE COPY**

Mark J. Kovack, Esq.                                                January 7, 2004
                                                                    Page 2

    Thanks for your anticipated courtesy.

Very truly yours,

GRAVEL AND SHEA

Robert B. Hemley

RBH:jt

cc:    Robert P. Dolian, Esq.(via fax)(w/copy of 1/5/04 letter)

**OFFICE COPY**

**CHASE**

Pamela J. Detoro
Vice President

**RECEIVED**

DEC 30 2003

GRAVEL and SHEA

December 23, 2003

Mr. John K. Dwight
Dwight Asset Management
P O Box 1590
Burlington, VT 05402-1590

Re: Russell S. Dwight Trust Under Agreement #666021715

Dear Mr. Dwight:

I would like to take this opportunity to introduce myself as the administrator assigned to manage the above trust. Sheela Amembal has decided to take early retirement and will be leaving the bank mid-January.

Based on current financial information provided by Patricia Dwight, our Trust Committee has approved disbursement of net income to her up to $20,000 in 2004. If there is any income remaining at year end the balance will be paid equally to you and your sisters.

Should you have any questions or wish to discuss the matter in greater detail please don't hesitate to contact me.

Sincerely,

*Pamela J. Detoro*

Pamela J. Detoro (Mrs.)
Vice President & Trust Officer

JPMorgan Chase Bank • 122 Main Street, Floor 2, New Canaan, CT 06840
Telephone: 203.972.2205 • Facsimile: 203.972.2212 • Toll Free: 866.812.0847
pamela.detoro@chase.com

# United States District Court
## District of Vermont

# Local Rules of Procedure



December 1, 2000

(2) **Opposition.** Opposition to a motion for summary judgment must be filed no more than 30 days after the motion is served. A separate, short, and concise statement of *disputed* material facts must accompany the opposition.

(3) **Facts Admitted.** All material facts in the movant's statement of undisputed facts are deemed to be admitted unless controverted by the opposing party's statement.

(4) **Statements.** The statements referred to above are in addition to the material required by section (a) of this Rule and of the Federal Rules of Civil Procedure.

(5) **Time for Filing.** Summary judgment motions must be filed at the time specified in the schedule required by LR 26.1 (b).

(6) **Notice to *Pro Se* Litigants Opposing Summary Judgment.** Any represented party moving for summary judgment against a party proceeding pro se shall serve and file as a separate document, together with the papers in support of the motion, a "Notice To *Pro Se* Litigant Opposing Motion for Summary Judgment" in the form indicated below. Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

### Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment

The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion. THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or

6