UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN K. DWIGHT, et al., ) | |
| ) | |
| Plaintiffs, ) | CIVIL ACTION NO. 303 CV 0117 |
| ) | (WWE) |
| v. ) | |
| ) | |
| JP MORGAN CHASE BANK, TRUSTEE ) | |
| OF THE RUSSELL S. DWIGHT, JR., ) | |
| TRUST, et al., ) | |
| ) | |
| Defendants. ) | January 28, 2004 |

## LOCAL RULE 56(a)(2) STATEMENT BY DEFENDANT PATRICIA W. DWIGHT

Pursuant to Rule 56(a)(2) of the Local Rules, Defendant Patricia Dwight ("Mrs. Dwight") submits this statement in response to the Statement of Undisputed Facts filed by the Plaintiffs, dated December 15, 2003, in support of their Cross-Motion for Summary Judgment.

I.  Responses to Plaintiffs' Statement of Material Facts.

   14.  Admitted.

15. Denied. The statement mischaracterizes Patricia Dwight's testimony.

16. Mr. and Mrs. Dwight's 1982 joint federal tax return speaks for itself as to the contents thereof. It is unknown what Mr. and Mrs. Dwight's income was at the time the Trust was executed by Mr. Dwight on January 27, 1982.

17. Denied.

18. Denied.

19. Denied. Plaintiff totally mischaracterizes and/or misunderstands Mrs. Dwight's testimony. Because Mrs. Dwight did not have sufficient income to cover her basic needs, she was required to sell a number of her assets and reinvest the proceeds in an effort to generate more income. As a consequence, she incurred substantial capital gains taxes, which further undermined her financial position. Plaintiffs ignore all of these facts in making their arguments.

20. through 55.: See response of Defendant JP Morgan Chase Bank.

II.   Issues of Material Fact to Be Tried.

As should be clear from the foregoing, there are numerous issues of material fact to be tried in this case. These include, but are not limited to, the standard of living enjoyed by Mr. and Mrs. Dwight at the time the Trust was executed; Mrs. Dwight's financial situation at the time she began receiving income from the Trust and at all times thereafter; Mrs. Dwight's medical condition from the time she requested income from the Trust to the present; and numerous inferences to be drawn from the documents and testimony given and to be given in this case.  It is clear that the inferences

Plaintiffs would have the Court draw are totally at odds with the inferences which Defendants believe flow naturally from the testimony and documentary record.

                              THIS DEFENDANT,
                              PATRICIA W. DWIGHT
                              BY CUMMINGS & LOCKWOOD
                              HER ATTORNEYS

By *[signature: Robert Dolian]*
     Robert P. Dolian (CT 04278)
     Four Stamford Plaza
     107 Elm Street
     Stamford, CT 06902
     (203) 327-1700

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing LOCAL RULE 56(a)(2) STATEMENT BY DEFENDANT PATRICIA W. DWIGHT was served via first-class U.S. Mail, postage prepaid, on this 28th day of January, 2004, on the following:

    Mark J. Kovack, Esq.
    Wake, See, Dimes & Bryniczka
    27 Imperial Avenue
    P.O. Box 777
    Westport, CT  06881-0777

    Peter W. Benner, Esq.
    Shipman & Goodwin LLP
    One American Row
    Hartford, CT  06103-2819

    Robert B. Hemley, Esq.
    Gravel and Shea
    76 St. Paul Street
    Burlington, VT  05402 0369

_____
Robert P. Dolian

.StmLib1:1046221.1 01/28/04