UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 30 A 9:52

US DIS...
BRI...

| | |
|---|---|
| JOHN K. DWIGHT, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) CIVIL ACTION NO. 303 CV 0177- |
| | ) (WWE)    117 |
| JP MORGAN CHASE BANK, TRUSTEE, et al., | ) |
| Defendants. | ) JANUARY 29, 2004 |

**LOCAL RULE 56(a)(2) STATEMENT BY DEFENDANT
JP MORGAN CHASE BANK, TRUSTEE**

Pursuant to D. Conn. L. Civ. Rule 56(a)(2), this defendant, **JP MORGAN CHASE BANK, TRUSTEE** ("Chase"), submits this statement in response to the statement of undisputed facts filed by the plaintiffs, **JOHN K. DWIGHT, MARGO D. FORBES, PATRICIA D. HALLENBECK,** and **ELIZABETH RICHARDSON** (the "Plaintiffs") dated December 15, 2003 in support of their cross-motion for summary judgment, to wit:

**I.  RESPONSES TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS**

14. Admitted.

15. Admitted, except that it is denied that Defendant **PATRICIA W. DWIGHT** ("Mrs. Dwight") testified she had in excess of a million dollars of her own money at the time of her marriage to Russell Dwight and, to the extent the Plaintiffs mean to imply same, it is unknown whether Mrs. Dwight spent money from the Wineberg Trust exclusively on "presents, gifts and telephone calls" and, therefore, Chase denies same.

16. Chase admits that Mr. and Mrs. Dwight's 1982 joint federal tax return

reported, among other things, the dollar amounts stated and respectfully refers the Court to the return (Ex. G) which speaks for itself. It is unknown what Mr. and Mrs. Dwight's income was at the time the Trust was executed by Mr. Dwight on January 27, 1982.

17. Denied.

18. Chase respectfully refers the Court to Mrs. Dwight's letter (Ex. D), which speaks for itself, and admits that Mrs. Dwight had to hire drivers to take her on errands and to appointments when needed because she can no longer drive.

19. Denied; Mrs. Dwight did not know the value of her investments when she was married to Mr. Dwight and Chase does not know whether (or what is meant by the statement) "at all times" Mrs. Dwight had the "unrestricted ability" to withdraw funds.

20. Chase respectfully refers the Court to Ms. Amembal's letter (Ex. C), which speaks for itself, and admits that said letter was authored before Chase received Mrs. Dwight's tax returns and budget.

21. Denied; Chase started to hold Trust income only after Mrs. Dwight, as the primary income beneficiary under the Trust, made demand for payment of same.

22. Admitted.

23. Admitted only to the extent that "financial documents" refers to the tax returns which Chase requested and received under cover letter dated November 1, 2002.

24. Chase admits that the Plaintiffs accurately quote Exhibit "N" in part and respectfully refer the Court to the document itself for a full recitation of its terms.

25. Chase respectfully refers the Court to the referenced letter (Ex. E), which speaks for itself. Chase denies that there was a lack of analysis of the Trust Agreement's standard for distributing income to Mrs. Dwight.

26. Chase admits that Mrs. Amembal had a conversation with Plaintiff John Dwight on October 29, 2002 at which time he "told her what she needed to do." Chase denies the Plaintiffs' characterization of what it "needed to do" under the Trust Agreement as being binding or necessarily accurate and denies as a matter of law that what it did do constitutes an abuse of discretion on its part as Trustee of the Trust.

27. Denied.

28. Denied, other than it is admitted that Mrs. Amembal did not "prejudge" the matter.

29. Denied, other than it is admitted that Mrs. Amembal did not ask the Plaintiffs about Mrs. Dwight's standard of living in 1982, as Mrs. Dwight was already telling her all she knew. Further, in response to Chase's interrogatories plaintiff John Dwight answered that he is not in a position to describe in any kind of detail Mrs. Dwight's standard of living in 1982. He could only state that she "lived a comfortable life style as my father's wife." Chase further denies that it had an obligation to inquire as to the dates or reasons Mrs. Dwight may have been or was meeting with her attorneys.

30. Chase admits that by letter dated November 1, 2002, Mrs. Dwight submitted a budget of her actual and projected expenses and her 2001 tax return. Although Chase admits that at her deposition Mrs. Dwight appeared tired, weak and, at times, confused and could not remember the budget, on October 21, 2002, Mrs. Dwight did inform Mrs. Amembal that someone was coming in to help her go through her checkbook for purposes of compiling a list of expenses which she would then provide to Chase. See, Exhibit "P." Mrs. Dwight thereafter mailed Chase her budget under cover letter dated November 1, 2002.

31. Denied, other than it is admitted that the D.A.C. met for the first time on

November 22, 2002.

    32.    Denied.

    33.    Admitted.

    34.    Denied.

    35.    Denied, other than it is admitted that Mrs. Amembal testified as stated.

    36.    Chase denies that the D.A.C.'s analysis of income available to Mrs. Dwight consisted of only looking at Mrs. Dwight's 2001 tax return. Chase further denies the Plaintiffs' characterization of the witnesses' partial testimony, which speaks for itself, particularly when considered as a whole.

    37.    Chase denies the Plaintiffs' characterization of the witness' partial testimony. Chase further denies that it "agrees" with the Plaintiffs' characterizations of its obligations under the Trust.

    38.    Admitted.

    39.    Denied.

    40.    Admitted, but it is denied that Mrs. Dwight was deferring income from the Wineberg Trust.

    41.    Admitted.

    42.    Chase admits only so much thereof that states that it relied, in part among other things, on the statements of the drafter of the Trust, Attorney Edgar T. See.

    43.    Chase denies the plaintiffs' characterization of the witness' partial testimony, which speaks for itself, particularly when considered as a whole.

    44.    Chase denies the plaintiffs' characterization of the witness' partial testimony, which speaks for itself, particularly when considered as a whole.

45. Chase denies the plaintiffs' characterization of "its approach" and respectfully refers the Court to the witnesses' respective testimony which speaks for itself.

46. Denied.

47. Denied.

48. Denied, other than Chase admits that plaintiffs have accurately quoted a partial sentence from Exhibit T.

49. Chase admits that the witness so testified.

50. Denied.

51. Chase admits that plaintiffs have accurately quoted a portion of Exhibit T.

52. Denied, other than it is admitted that Mrs. Dwight testified that she could not afford to hire a live-in companion and that she pays for drivers on an as needed basis $15.00 to $25.00 per hour.

53. Admitted.

54. Denied.

55. Admitted.

## II. ISSUES OF MATERIAL FACT TO BE TRIED

Although Chase believes that the evidence shows that it did not abuse its discretion in deciding that there was no excess income available under the Trust to distribute to the plaintiffs as a matter of law (Aff. of Pamela J. Detoro, dated October 15, 2003), in view of the plaintiffs' proffer in support of their denial of the actions taken by the bank -- if credited by this Court--then, issues of material fact will exist as to what actions were taken by Chase in response to Mrs. Dwight's request for income under the Trust and whether those actions, once established by the finder of fact, constituted an abuse of discretion.

**THIS DEFENDANT,**
**JP MORGAN CHASE BANK, TRUSTEE**

By _____
Mark J. Kovack, Esq./ct01431
WAKE, SEE DIMES & BRYNICZKA
27 Imperial Avenue
Post Office Box 777
Westport, CT 06881-0777
Telephone:(203) 227-9545
Telecopier:(203) 226-1641
  Its attorneys

## CERTIFICATION OF SERVICE

This is to certify that on this 29th day of January, 2004, a copy of the foregoing has been mailed by first class mail, postage prepaid, to all counsel and/or pro se parties of record, to wit:

Peter W. Benner, Esq.
Catherine M. Esposito, Esq.
Shipman & Goodwin, LLP
One American Row
Hartford, CT 06103-2819
(*Counsel for the Plaintiff*)

Robert B. Hemley, Esq.
Christina Reiss, Esq.
Gravel and Shea
76 St. Paul Street, P.O. Box 369
Burlington, VT 05402-0369
(*of Counsel for the Plaintiff*)

Robert P. Dolian, Esq.
Cummings & Lockwood, LLC
107 Elm Street, P.O. Box 120
Stamford, CT 06904-0120
(*Counsel for Defendant Patricia W. Dwight*)

_____
Mark J. Kovack