UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 FEB -2  P 12: 25

US DIST...

| | |
|---|---|
| JOHN K. DWIGHT, MARGO D. FORBES, PATRICIA D. HALLENBECK and ELIZABETH D. RICHARDSON, | : <br> : <br> : CASE NUMBER 303 CV 0117 (WWE) |
| Plaintiffs | : |
| v. | : <br> : January 30, 2004 |
| JP MORGAN CHASE BANK, Trustee of the Russell S. Dwight, Jr. Trust, and PATRICIA W. DWIGHT, | : <br> : <br> : |
| Defendants | : |

SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT RELATING TO TRUSTEE REMOVAL</u>

Plaintiffs John K. Dwight, Margo D. Forbes, Patricia D. Hallenbeck and Elizabeth D. Richardson ("Plaintiffs") by and through their attorneys, Gravel and Shea, hereby submit this Memorandum and the accompanying affidavit of Robert B. Hemley in order to inform the Court of recent factual developments that further support their motion seeking removal of JP Morgan Chase Bank (the "Bank") as Trustee.

<u>SUMMARY OF ARGUMENT</u>

Plaintiffs' earlier Motion for Partial Summary Judgment, dated September 9, 2003 explains why the Trust permits them to remove the Bank as Trustee. The Trust provides that the Trustee may be removed at any time by a majority of the adult beneficiaries "then entitled to receive income". The Plaintiffs fit that definition because they are in the class of persons entitled

to receive income presently, as opposed to other persons, such as their children, whose entitlement is contingent on future events. The Bank has taken a different view, contending that those persons "entitled to receive income," and accordingly empowered to determine the Trustee, are only those persons whom the Trustee deems entitled to actually receive a distribution of income. As detailed in their earlier filing, Plaintiffs point out that the Bank's interpretation would eliminate any protection against a biased, irresponsible, or just plain careless Trustee. Persons actually receiving the income from the Trustee would of course not be expected to seek the Trustee's removal, and accordingly under the Bank's interpretation, the Trustee would be perpetual.

However flawed the Bank's analysis is, its recent actions have now made the argument quite beside the point. Discovery in this case has established that under any interpretation of the Trust, based on her limited needs, the Bank's decision to direct <u>all</u> of the Trust income to Mrs. Dwight was incorrect. After Plaintiffs formally put the Bank on notice of the irrefutable facts the Bank has now reluctantly determined that the Plaintiffs are entitled to currently receive income in excess of $20,000.[1] Accordingly, even accepting the Bank's illogical analysis of the Trust language, the Plaintiffs are authorized to remove it as Trustee. The Plaintiffs have reissued notices demanding that the Bank step down in favor of another financial institution. Giving no reason, the Bank has refused, precipitating this further filing.

## ARGUMENT

The Trust provides in relevant part at Article XV.1. that:

---

[1] For reasons set forth in their cross-motion for Summary Judgment, Plaintiffs do not believe Mrs. Dwight is entitled to any income from the Trust.

> "Any Trustee serving hereunder may be removed at any time by written notice delivered to the Trustee from Grantor, if living; but if not, from a majority of (i) the adult beneficiaries then entitled to receive income distributions hereunder, and (ii) any minor beneficiaries by their guardians or custodians."

Affidavit in Support of Supplemental Memorandum ("Supplemental Affidavit"), ¶2 and Exhibit A thereto.

By correspondence dated June 17, 2003, Plaintiffs delivered a written notice of removal to the Bank, together with information regarding the name, address and contact information for their proposed successor Trustee. Supplemental Affidavit, ¶3. By correspondence dated June 23, 2003, Defendant Patricia Dwight objected to the notice of removal, asserting, among other things, that Plaintiffs were not beneficiaries "then entitled" to distributions and therefore could not seek removal of the Trustee. Supplemental Affidavit, ¶4. Adopting this same position, the Trustee has heretofore failed and refused to honor Plaintiffs' notice of removal. Supplemental Affidavit, ¶4.

On December 17, 2003, following discovery in this case which clearly demonstrated Mrs. Dwight had overstated her need for income, the Trustee reversed its earlier position, stating that Mrs. Dwight should receive only $20,000.00 of the Trust's annual income for 2004 which was estimated to be $36,875.00. The Bank determined that the Plaintiffs were entitled to the balance. Supplemental Affidavit, ¶5 and Exhibit D. Upon receipt of notification of the Trustee's reversal of position, the Plaintiffs, who were now, by any party's definition, the majority of beneficiaries "then entitled to receive income distributions" under the Trust, renewed their request that the

Trustee step down in favor of The Chittenden Bank. Supplemental Affidavit, ¶6 and Exhibit E. The Trustee has continued to refuse to honor this request.

The plain language of the Trust unequivocally requires the Trustee to honor Plaintiffs' notice of removal. The Trustee's failure to do so evidences a further breach of its fiduciary duties to Plaintiffs, and the Trustee's bad faith refusal to treat the beneficiaries of the Trust in an impartial manner. *See Gimbel v. Gimbel Foundation*, 347 A.2d 81, 88 (Conn. 1974) ("Although the settlor imparted to the trustees the widest possible discretion, they are, nonetheless, under a duty to deal impartially with successive beneficiaries"); *Restatement (Second) of Trusts* § 222 (1984) ("A provision in the trust instrument is not effective to relieve the trustee of liability for a breach of trust committed . . . with reckless indifference to the interests of the beneficiary").

## CONCLUSION

For the foregoing reasons and for the reasons set forth in their Motion for Partial Summary Judgment and in their Opposition and Cross-Motion for Summary Judgment, Plaintiffs respectfully request this Court to order that Defendant JP Morgan Chase Bank must honor Plaintiffs' notice of removal and step aside as the Trustee of their father's Trust.

Dated:   Burlington, Vermont
         January 30, 2004

                                    Robert B. Hemley, Esq. CT#24489
                                    Christina Reiss, Esq.
                                    Gravel and Shea
                                    P. O. Box 369
                                    Burlington, VT 05402-0369
                                    (802) 658-0220
                                    For Plaintiffs John K. Dwight, Margo D.
                                    Forbes, Patricia D. Hallenbeck and
                                    Elizabeth D. Richardson