UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 FEB -2 P 12: 25

JOHN K. DWIGHT, MARGO D. FORBES,
PATRICIA D. HALLENBECK and
ELIZABETH D. RICHARDSON,

: CASE NUMBER 303 CV 0117 (WWE)

Plaintiffs

v.

January 30, 2004

JP MORGAN CHASE BANK, Trustee of
the Russell S. Dwight, Jr. Trust, and
PATRICIA W. DWIGHT,

Defendants

SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF
SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT RELATING TO TRUSTEE REMOVAL

Robert B. Hemley, being duly sworn, deposes and says:

1. The facts set forth herein are based upon my personal knowledge. The documents attached hereto are true and accurate copies of documents referred to herein.

2. The Trust Agreement which is the subject matter of this lawsuit was executed by Plaintiffs' father Russell S. Dwight (the "Trust"). It provides in relevant part at Article XV.1. that:

> "Any Trustee serving hereunder may be removed at any time by written notice delivered to the Trustee from Grantor, if living; but if not, from a majority of (i) the adult beneficiaries then entitled to receive income distributions hereunder, and (ii) any minor beneficiaries by their guardians or custodians."

*See* Exhibit A hereto.

3.  By correspondence dated June 17, 2003, Plaintiffs delivered to JP Morgan Chase Bank as Trustee a written notice of removal together with information regarding the name, address and contact information for their proposed successor Trustee, The Chittenden Bank of Burlington, Vermont. *See* Exhibit B hereto.

4.  By correspondence dated June 23, 2003, Defendant Patricia Dwight objected to the notice of removal, asserting, among other things, that Plaintiffs were not beneficiaries then entitled to distributions and therefore could not seek removal of the Trustee. *See* Exhibit C hereto. Adopting this same position, the Trustee has failed and refused to honor Plaintiffs' notice of removal.

5.  On December 17, 2003, the Trustee determined that Defendant Dwight was entitled to up to $20,000.00 of the Trust's annual income which was estimated to be $36,875.00, with the remainder to be disbursed equally among the Plaintiffs. *See* Exhibit D hereto.

6.  Upon receipt of notification of the Trustee's decision, the Plaintiffs renewed their request that the Trustee step down in favor of The Chittenden Bank. *See* Exhibit E hereto.

7.  To date, the Trustee has not responded to this request in any manner except to suggest the issue of removal can be decided by the Court.

_____
Robert B. Hemley, Esq.

Sworn to before me this
30 day of January, 2004.

_____
Notary Public

THIS AGREEMENT made this 27th day of January, 1982, by and between the Grantor, RUSSELL S. DWIGHT, JR., of Fairfield, Connecticut, and the Trustee, CITYTRUST, a banking corporation organized and existing under the laws of the State of Connecticut and having its principal place of business in Bridgeport, Connecticut.

I. Creation of Trust; Designation of Trustee.

Grantor simultaneously with the execution of this Agreement has designated the Trustee the beneficiary of the policies of insurance on Grantor's life, as listed in Schedule A attached hereto, or has transferred the property listed in Schedule A to the Trustee, or has taken both such actions. Grantor may hereafter transfer other property to the Trustee and may hereafter execute a Will wherein the Trustee may be designated as the beneficiary of all or some portion of Grantor's estate.

Grantor does hereby constitute CITYTRUST Trustee of both the right to receive the proceeds of said policies when and as payable to the Trustee under the terms thereof, and of such proceeds of other property listed in Schedule A, and of such property as the Trustee may receive as beneficiary under Grantor's Will, or otherwise (hereinafter called the Trust Estate), to hold the same in trust, on the terms and conditions of this Agreement.

II. Trust During Grantor's Lifetime.

1. The Trustee shall pay to Grantor, or apply for his use or benefit, the net income of the Trust Estate in convenient periodic installments throughout each year, so long as he lives.

2. The Trustee shall, from time to time, pay to Grantor, or apply for his use or benefit, such amount of the principal of the Trust Estate as, in the Trustee's sole discretion, shall be

AKE, SEE & DIMES
ATTORNEYS AT LAW
17 IMPERIAL AVENUE
WESTPORT, CT 06880

(203) 227-9545

- 1 -

deemed necessary to provide liberally for Grantor's health, comfort, maintenance and support or to meet any emergency affecting him.

3. If in the opinion of the Trustee the Grantor becomes incapacitated, the Trustee in its discretion may apply for the benefit of the Grantor any part or all of the income and principal for his comfort, support, health and benefit.

4. Grantor shall have the complete and unrestricted right to withdraw all or any part of the principal of the Trust Estate, at any time and from time to time, as he may elect upon written notice to the Trustee.

### III. Payment of Taxes and Administrative Expenses.

Upon the death of Grantor, there may not be sufficient cash or other liquid assets in Grantor's probate estate to pay bequests, the taxes payable by Grantor's estate, or otherwise in respect of his death, or his debts and administration expenses. In any of such events, the Trustee shall from the assets of the trust either (1) pay to Grantor's Executor or Administrator such amounts as are necessary therefor, or (2) discharge any such obligations directly, as determined in the Trustee's sole discretion. In either case, the Trustee shall make such payments using only such assets as are otherwise includible in Grantor's gross estate for federal estate tax purposes. All sums paid by the Trustee under the provisions of this Article shall be free from trust, and no beneficiary hereunder, under Grantor's estate, or otherwise shall be required to reimburse the Trustee for any such sums paid. In making any such payments, the Trustee may rely and act upon evidence and information which the Trustee believes to be correct, and any action taken by the Trustee in reliance thereon shall be binding and conclusive upon all beneficiaries hereunder.

WAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

- 2 -

## IV. Trust Upon Grantor's Death.

Upon Grantor's death, the Trustee shall pay the net income of the Trust Estate to or apply for the benefit of Grantor's wife, PATRICIA W. DWIGHT, during her lifetime or until her remarriage; provided, however, if and to the extent that the total amount of income available to Grantor's wife from all sources, including this trust shall, from time to time, in the sole judgment of the Trustee, exceed that which is deemed necessary for her comfortable support at the standard of living theretofore maintained by Grantor and his wife, then the Trustee shall distribute such excess income to or for the benefit of Grantor's then living descendants, per stirpes.

2. Upon the death or remarriage of the Grantor's wife after the death of Grantor, or upon the death of the Grantor if his wife predecease him, the Trustee shall divide the remainder of the trust into separate shares equal in value, creating one such separate share for each of the children of the Grantor then living and one such separate share for the lawful descendants collectively of each of his children then deceased, but of whom one or more lawful descendants are then surviving. The separate equal shares thus created shall be disposed of in the following manner:

(a) In the case of each such separate share created for each of the children of the Grantor, the Trustee shall distribute such share to such child to be his absolutely free of trust.

(b) Each such separate share created for the descendants of a deceased child of the Grantor shall vest immediately in and shall be distributed per stirpes to such descendants, provided, however, that during the period such descendant is under the age of twenty-one years, the Trustee shall retain possession of his share and shall pay to or use for the benefit of such

may be much of the income and principal as shall be necessary in the opinion of the Trustee for the education, maintenance, health and support of such descendant, and any income not so paid to or used for the benefit of such descendant during the period such descendant is under the age of twenty-one years shall be accumulated and added to the principal being held for the benefit of such descendant. The Trustee shall pay to such descendant upon attaining the age of twenty-one years the then remaining principal and any accumulated income therefrom. At the discretion of the Trustee, any income may be distributed to such descendant or his guardian at any time.

## V. Accrued Income on Death of Beeficiary.

Upon the death of any beneficiary of the trust, the accrued or undistributed income which would have been paid to such beneficiary, had such beneficiary continued to live, shall be paid as income to the next beneficiary succeeding in interest.

## VI. Minimum Value of Trust.

If at any time the trust or any of the separate shares thereof created hereunder shall in the sole judgment of the Trustee be of the aggregate principal value of $10,000.00 or less, the Trustee, in its sole discretion, may pay over the then principal of such trust or share thereof to the person or persons then entitled to the income therefrom in the proportions in which they are then entitled to such income and such trust or share thereof shall thereupon terminate notwithstanding any provision in this Indenture to the contrary.

## VII. Compliance with Rule Against Perpetuities.

Unless sooner terminated under the foregoing provisions, all trusts hereunder shall end twenty-one years after the death of the last survivor of the Grantor, his wife, and his now living children, and thereupon the Trustee shall pay over the principal

JAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

(203) 227-9540

- 4 -

and all accumulated income free of all trusts to the persons then surviving and then entitled to the income and in the proportions in which they are then entitled to share such income.

### VIII. Powers of Trustee.

In administering this Trust, the Trustee is authorized to use all of the basic powers set forth in the Connecticut Fiduciary Powers Act, Section 45-100e and the Trustee may also use the following additional powers of Section 45-100f: (1) Stock of Fiduciary; (2) Buy Insurance and Annuities; (3) Invest in Partnerships, etc.; (7) Fiduciary May Become Director or Officer; (9) Residential Realty; (10) Deal with Estate; (11) Suits on Insurance Policies; (12) Advancement of Income; (17) Investment During Estate Administration; (18) Premium and Discount; (21) Distribute Directly to Remaindermen; (22) Disclaimer of Power; and (26) Income to Custodian for Minor. All the aforementioned incorporated powers shall be subject to the provisions of Section 45-100d of the Connecticut Fiduciary Powers Act and shall be deemed available to the Trustee regardless of subsequent Acts of the Connecticut General Assembly or any court decisions affecting the Fiduciary Powers Act.

### IX. Bond.

The Trustee acting under this Agreement shall serve without bond, any law of any state or jurisdiction to the contrary notwithstanding.

### X. Disclaimer of Interest.

The renunciation, surrender, release or disclaimer by any beneficiary of any interest of his in any trust or shares thereof created by this Trust Agreement shall accelerate all other interests therein (including other interests which may be held by him) in the same manner as would have his death at the same time, but only as to such renounced, surrendered, released or disclaimed

WAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

- 5 -

## Provisions Relating to Life Insurance.

1. With respect to the policies of life insurance, Grantor reserves for Grantor, and for the owner of any other life insurance not owned by Grantor, made payable to the Trustee hereunder, the right without the necessity of obtaining the consent of the Trustee or of any other person, to exercise all rights, options and privileges conferred by the terms thereof. The Trustee shall have no obligation with respect to such insurance during Grantor's lifetime, except the safekeeping of such policies as may be placed in the Trustee's custody.

2. The Trustee shall, after receiving notice of the death of the Grantor, prepare, serve and file notice and proofs of death, and take such action as in the Trustee's discretion may be necessary to collect the amounts due from time to time upon all policies of life insurance on Grantor's life in which the Trustee is named as beneficiary and which are delivered to the Trustee after Grantor's death; provided, however, that the Trustee shall not be required to institute any proceedings to collect the proceeds of any such policy of life insurance unless the Trustee holds funds hereunder sufficient for that purpose, or unless the Trustee has been indemnified to the Trustee's satisfaction for all expenses and liabilities to which the Trustee may anticipate being subjected by such action.

3. The insurance companies which may pay the proceeds of any policy or policies of insurance to the Trustee hereunder are hereby fully released and relieved from any and all responsibility to see to the application of any funds so paid to the Trustee. The receipt of the Trustee for any sums so paid by any insurance company shall fully release such insurance company from all further responsibility or accountability to any person

WAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

- 6 -

or persons for the sum in said receipt so stated to have been received.

## XII.  Employee Benefit Plans.

Notwithstanding any contrary provision of this Agreement, if the Trustee receives any property from any employees' trust (or under a contract purchased by an 'employees' trust) forming all or part of a pension, stock bonus or profit sharing plan which, at the time of Grantor's separation from employment (whether by death or otherwise) or at the time of termination of the plan, if earlier, met the requirements of Section 401(a) of the Internal Revenue Code or comparable section then in effect, the Trustee shall not use any portion of such property which is excludible from Grantor's gross estate for federal estate tax purposes for the payment of the debts, taxes or expenses of administration payable by the Executor or Administrator of Grantor's estate or for any purposes which would cause such property to become includible in Grantor's gross estate.  Such portion excludible from Grantor's gross estate as aforesaid shall be added to the Trust Estate, after deducting the expenses (including taxes) if any incurred in connection with the receipt of such portion, which expenses may be paid out of such portion of such property.

## XIII.  Reservation of Rights By Grantor.

The Grantor reserves the following rights:

1. To terminate this trust by giving written notice to the Trustee.  Upon receipt of such notice by the Trustee this trust shall terminate, and the property then held in trust hereunder, less such taxes, assessments and charges, if any, as may be properly assessed or charged against the trust funds in the hands of such Trustee, shall be transferred and conveyed to the Donor, and his receipt therefor shall be sufficient acquittance of the

WAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

- 7 -

Trustee.

2. To sell, assign or hypothecate any and all insurance policies assigned herein, to exercise any option or privilege granted by such policies, including the right to change the beneficiaries of any policy, to pay the premiums thereon, to borrow any sum from the insurer or any individual, partnership, corporation or association, to receive all payments, dividends, surrender values, benefits or privileges of any kind which may accrue, and to freely inspect and to withdraw from this instrument any or all of said policies.

3. To withdraw any part or all of the principal of the trust at any time.

XIV. Modification of Trust.

This Trust Agreement may be changed, modified or altered at any time or times by an agreement in writing of the Grantor and the Trustee. A written statement of the Trustee as to whether this Trust Agreement has been changed, modified or altered and the extent of such change, modification or alteration shall be conclusive evidence thereof, binding upon all persons dealing with the Trustee and upon all persons taking an interest under this Agreement.

XV. Resignation of Trustee or Removal of Trustee.

1. Any Trustee serving hereunder may be removed at any time by written notice delivered to the Trustee from Grantor, if living; but if not, from a majority of (i) the adult beneficiaries then entitled to receive income distributions hereunder and (ii) any minor beneficiaries by their guardians or custodians.

2. Any Trustee serving hereunder may resign by delivering written notice of intention so to do by registered mail to Grantor, if living; but if not, to all the adult beneficiaries and the custodians or guardians of all minor beneficiaries then

WAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

entitled to receive income distributions hereunder.

3. Upon the resignation or removal of any Trustee, the party properly demanding such removal or receiving the Trustee's notice of resignation, as the case may be, or if more than one, a majority of such parties, may appoint any bank or trust company having a combined capital and surplus of not less than $5,000,000 wherever situate, as Trustee hereunder. Should no successor Trustee be so designated prior to the effective date of the Trustee's termination, the resigning or removed Trustee shall designate a successor Trustee having the qualifications herein provided.

4. Upon the payment and delivery to any successor Trustee of all the property and assets of the Trust Estate, and after full settlement of accounts, the responsibilities and liabilities of the resigning or removed Trustee shall terminate. No successor Trustee shall be required to investigate the acts of any predecessor Trustee, nor be responsible for any of the acts or omissions of any predecessor Trustee.

### XVI. Adopted Children.

The words "children" and "descendants" as used in this Trust shall include adopted children.

### XVII. Singular and Plural; Genders.

Wherever used herein, the singular shall include the plural, the plural the singular, and the use of any gender shall include all genders.

### XVIII. Governing Law.

The Trust hereunder shall be administered in accordance with the laws of the State of Connecticut.

IN WITNESS WHEREOF, RUSSELL S. DWIGHT, JR., has hereunto set his hand and seal this 27th of January, 1982.

WAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

- 9 -

Signed, Sealed and Delivered
in the Presence of:

_Karen M. Ela_
Karen M. Ela

_Russell S. Dwight, Jr_ (L.S.)
Russell S. Dwight, Jr.

_Sharon Logan_
Sharon Logan

STATE OF CONNECTICUT )
( ss. Westport,    January 27, A. D. 1982.
COUNTY OF FAIRFIELD )

Personally appeared RUSSELL S. DWIGHT, JR., signer and sealer of the foregoing instrument, and acknowledged the same to be his free act and deed, before me.

_Edgar T. See_
Notary Public
Edgar T. See

IN WITNESS WHEREOF, CITYTRUST has caused its corporate seal and these presents to be signed in its name and behalf by KENNETH M. PARK, its SENIOR VICE PRESIDENT and TRUST OFFICER, this 27th day of January, A.D. 1982.

Signed, Sealed and Delivered
in the Presence of:

_Karen M. Ela_
Karen M. Ela

CITYTRUST

By _Kenneth M. Park_ (L.S.)
Kenneth M. Park,
Senior Vice President and
Trust Officer

_Sharon Logan_
Sharon Logan

WAKE, SEE & DIMES
ATTORNEYS AT LAW
27 IMPERIAL AVENUE
WESTPORT, CT 06880

- 10 -