UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
JOHN K. DWIGHT, et al.,         )
                                )
                    Plaintiffs, )  CIVIL ACTION NO. 3:03-CV-0117
                                )  (JCH)
     v.                         )
                                )
JP MORGAN CHASE BANK, TRUSTEE   )
OF THE RUSSELL S. DWIGHT, JR.,  )
TRUST, et al.,                  )
                                )
                    Defendants. )  April 6, 2005
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PATRICIA W. DWIGHT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**PRELIMINARY STATEMENT**

Defendant Patricia Dwight submits this memorandum of law in support of her motion for summary judgment against the plaintiffs, John K. Dwight, Margo D. Forbes, Patricia D. Hallenbeck, and Elizabeth D. Richardson, ("Plaintiffs"). Patricia Dwight moves for summary judgment in light of this Court's March 31, 2005 ruling ("March 31 Ruling"), in which the Court granted Defendant J.P. Morgan Chase's Motion for Summary

Judgment on Counts I, III, and IV of the Amended Complaint. In its ruling, the Court found that there is "no evidence that the Trustee breached its duty of care to [the Plaintiffs] or deprived [the Plaintiffs] of any property belonging to them." March 31 Ruling at 14. Therefore, in light of this Court's finding that there is no evidence that the Plaintiffs were deprived of any property belonging to them, Patricia Dwight is also entitled to summary judgment as to Count IV of the Plaintiffs' Amended Complaint.

## ARGUMENT

Defendant Patricia Dwight incorporates by reference the arguments made and authorities cited in Defendant J.P. Morgan Chase's Memorandum of Law in Support of Its Motion for Partial Summary Judgment dated November 13, 2003.

As the Court has now ruled that defendant J.P. Morgan Chase is entitled to summary judgment on Counts I, III, and IV, it necessarily follows that Defendant Patricia Dwight is likewise entitled to summary judgment on Count IV. If the bank breached

no fiduciary duty, did not act negligently, and committed no conversion in determining that Patricia Dwight is entitled to the Trust's income, then <u>a</u> <u>fortiori</u> her requesting that income cannot constitute conversion.

## CONCLUSION

For the foregoing reasons, Defendant Patricia W. Dwight's motion for partial summary judgment should be granted.

```
                            THIS DEFENDANT,
                            PATRICIA W. DWIGHT
                            BY CUMMINGS & LOCKWOOD
                            HER ATTORNEYS


                        By /s/ Robert Dolian
                            Robert P. Dolian (CT 04278)
                            Four Stamford Plaza
                            107 Elm Street
                            Stamford, CT  06902
                            (203) 327-1700
```

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PATRICIA W. DWIGHT'S MOTION FOR PARTIAL SUMMARY JUDGMENT was served via first-class U.S. Mail, postage prepaid, on this 6th day of April, 2005, on the following:

    Mark J. Kovack, Esq.
    Wake, See, Dimes & Bryniczka
    27 Imperial Avenue
    P.O. Box 777
    Westport, CT  06881-0777

    Peter W. Benner, Esq.
    Robert L. Wyld, Esq.
    Shipman & Goodwin LLP
    One American Row
    Hartford, CT  06103-2819

    Robert B. Hemley, Esq.
    Christina Reiss, Esq.
    Gravel and Shea
    76 St. Paul Street
    Burlington, VT  05402-0369

_/s/ Robert P. Dolian_
Robert P. Dolian

2105260_1.doc 4/5/2005